IN THE COURT OF CRIMINAL APPEALS

OF TEXAS






No. PD-0226-06






THE STATE OF TEXAS


v.


 CORY A. STEVENS, Appellee






ON DISCRETIONARY REVIEW OF CASE 14-05-00129-CR

OF THE FOURTEENTH COURT OF APPEALS

BRAZORIA COUNTY





 Womack, J., delivered the opinion for a unanimous Court.
Cochran, J., filed a concurring opinion, in which Keasler and
Hervey, JJ., joined.



 The appellee was arrested for driving while intoxicated ("DWI") while he was on deferred-adjudication community supervision for involuntary manslaughter. The State filed a motion to adjudicate
guilt. The trial court in the DWI case granted a motion to suppress all evidence collected during the
appellee's arrest, and that case was dismissed. Subsequently, the trial court hearing the motion to
adjudicate guilt also granted a motion to suppress all evidence of the DWI offense based on collateral
estoppel. The State appealed, and the Court of Appeals affirmed. (1) We reviewed this case to determine
whether the Court of Appeals applied the appropriate standard of review. (2) Because the Court did not,
we reverse and remand.

 In 1995, the appellee pleaded no contest to involuntary manslaughter in Brazoria County and
was placed on 10 years deferred-adjudication community supervision. In June 2003, the appellee was
arrested in Tom Green County for DWI. As a result of this violation, (3) the Brazoria County District
Attorney's office filed a motion to adjudicate guilt on the involuntary-manslaughter offense in September
2003. (4)

 In January 2004, the appellee filed a motion to suppress evidence in the Tom Green County
DWI case, questioning the validity of the initial stop of the appellee's vehicle. At a pretrial hearing, both
the State and defense presented evidence. Among the State's witnesses was Sergeant Jeff Fant of the
San Angelo Police Department. Officer Fant testified that he was dispatched to a "suspicious subject"
call at Rio Vista School in the early morning of June 12, 2003. A few blocks from the school, Fant
observed the appellee's large, four-wheel-drive vehicle parked sideways, at an angle to the road, in a
ditch. Believing it could be the suspicious subject of the call or a stranded motorist, Fant approached
the appellee's vehicle. As he approached, the vehicle "took off at a high rate of speed, jumped off the
curb, spun the tires," (5) and drove away. In so doing, the appellee violated several traffic laws, including
a city ordinance against spinning tires, or "exhibition of acceleration." Fant activated his overhead lights,
followed the appellee, and stopped the appellee's vehicle.

 The Tom Green County Court at Law granted the appellee's motion to suppress. Although the
Court confirmed that "the question before me is . . . was the officer within the law in stopping this
vehicle," (6) the Court made no express findings of fact or conclusions of law. The State subsequently
dismissed the DWI case.

 In September 2004, based on the findings of the Tom Green County Court at Law, the
appellee filed a motion to suppress (7) all of the evidence from the DWI arrest in response to the State's
motion to adjudicate guilt in Brazoria County. The Brazoria County trial court, following two pretrial
hearings, granted the motion to suppress. The judge determined collateral estoppel precluded an
independent review of the evidence regarding the validity of the initial stop in the DWI case. He stated
on the record:

 Being quite specific and quite narrow, all my ruling does is it shows that all
the facts were considered by the Court and pretty clear on the record that
all the facts were considered concerning whether or not there was
reasonable suspicion to stop and - - or probable cause. . . . It was the
ultimate issue of fact in the case. (8)

In its suppression order, the Court found the following:

 [T]hat the Court of Tom Green County made its finding that the stop and
arrest of Defendant was without reasonable and/or probable cause, and
therefore that all facts regarding the unlawful DWI arrest and detention of
defendant, Cory A. Stevens, have been decided by the County Court of
Tom Green County, Texas were fully adjudicated as to factual findings
resulting in Defendant's arrest, and were adjudicated in favor of
Defendant, and thus, under the doctrine of collateral estoppel and in
accordance with Guajardo v. State [109 S.W.3d 456 (Tex. Cr. App.
2003)] the Motion to Suppress all evidence from Tom Green County
should be GRANTED.


 The State appealed, claiming the Brazoria County trial court erred in applying collateral
estoppel and granting the appellee's motion to suppress. The Court of Appeals for the Fourteenth
District, although acknowledging the collateral estoppel ruling to be "questionable," affirmed. (9) 

 The Court of Appeals found that the suppression motion in the Tom Green County DWI case
was granted due to a lack of reasonable suspicion to stop the appellee. The Court presumed that
decision to have been based on a credibility determination, which is afforded "almost total deference"
by reviewing courts. The Court then extended this same level of deference to the Brazoria County
Court, because "that ruling would likewise be correct under a theory of law that is applicable to the
case and supported by the record, even if it was not a ground presented to, or relied upon, by the trial
court." (10)

 We disagree with the Court of Appeals' application of the same standard of review to both the
Tom Green County and Brazoria County cases. Although an "almost total deference" standard would
be appropriate in the Tom Green County DWI case, because that court heard witness testimony and
was in a position to make credibility determinations, the decision of the Tom Green County court is not
under review here. The sole ruling under review is that of the Brazoria County court. As such, the
appropriate standard of review should be based solely on the circumstances surrounding that decision.

 The Brazoria County judge held two pretrial hearings, after the first of which he reviewed the
entire record of the Tom Green County proceeding. He heard no witness testimony, only arguments of
counsel. He made no credibility determinations or determinations of historical facts. The Brazoria
County judge stated explicitly that his granting of the motion to suppress was based on the doctrine of
collateral estoppel.

 Courts reviewing a ruling on a motion to suppress afford almost total deference to a trial court's
determination of historical facts supported by the record, especially when the determination is based on
an evaluation of credibility and demeanor. (11) The same level of deference is granted to mixed questions
of law and fact, or "application of law to fact questions," where the resolution likewise turns on an
evaluation of credibility and demeanor. (12) Appellate courts review de novo applications of law to facts
that do not involve determinations of credibility and demeanor. (13) A decision to apply collateral estoppel
is a question of law, applied to the facts, for which de novo review is appropriate.

 Although the Court of Appeals was correct in stating that a reviewing court may affirm a trial
court's decision if it is correct on any theory of law applicable to the case and supported by the record,
no other theory of law applies to this case. The record from Brazoria County demonstrates that the
hearings centered entirely on the question of whether collateral estoppel precluded the presentation of
evidence regarding the validity of stopping the appellee in Tom Green County. The record supports no
other theory. An examination of the record of the Tom Green County hearing, although essential in
determining whether collateral estoppel applies, has no bearing on this particular question.

 We should not be understood to be saying that all collateral estoppel questions are legal
questions. The doctrine of collateral estoppel "means simply that when an issue of ultimate fact has once
been determined by a valid and final judgment, that issue cannot again be litigated between the same
parties in any future lawsuit." (14) Any analysis of whether the doctrine applies will necessarily involve a
thorough examination of the record of the first proceeding "to determine whether a rational factfinder
could have grounded its decision on a fact other than the specific fact that the party now claims has
been resolved in his favor. Collateral estoppel deals only with specific factual determinations, not legal
claims or legal conclusions." (15)

Conclusion

 In short, the Court of Appeals erred in applying a deferential standard to the Brazoria County
trial court's ruling. A de novo review of the trial court's decision to apply collateral estoppel is
appropriate. We will reverse and remand to the Court of Appeals for reconsideration.


Delivered: October 3, 2007

Publish.
1. State v. Stevens, 187 S.W.3d 565 (Tex. App.-Houston [14th Dist.] 2006).
2. We granted review on the specific question: Is an appellate court required to defer to a trial court's
erroneous legal ruling where that ruling does not involve any explicit or implicit factual findings or credibility
determinations?
3. One of the terms of the appellee's deferred-adjudication community supervision required that he: "Commit
no offense against the laws of this State or any other State of the United States or of any government entity."
4. The motion also cited the appellee's failure to report to the supervision officer during March and
December of 2000. This violation is not at issue here.
5. State's Exhibit 1 (hereinafter, SX-1), at 10.
6. SX-1, at 27.
7. Although the appellee's motion requested that the court "Suppress the State's Motion to Adjudicate,"
the appellee's prayer for relief makes it clear that this was actually a motion to suppress evidence obtained during
the appellee's arrest. 
8. Reporter's Record, Vol. 3: 10-11.
9. Stevens, at 567. 
10. Id., at 567-68.
11. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Cr. App. 1997).
12. Ibid.
13. Ibid.
14. Ashe v. Swenson, 397 U.S. 436, 443 (1970).
15. Guajardo, 109 S.W.3d, at 460 (emphasis in original).