The STATE of Texas, Appellant,

v.

Scott Allen HENRY, Appellee.

No. 04–99–00671–CR.

Court of Appeals of Texas, San Antonio.

May 17, 2000.

E. Bruce Curry, Dist. Atty., Kerrville, for Appellant.

Scott F. Monroe, Kerrville, for Appellee.

Sitting: TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by: TOM RICKHOFF, Justice.

The State brings this appeal from an order granting a defendant's motion to suppress. For the reasons that follow, we will reverse and remand.

### BACKGROUND

After stopping Scott Allen Henry for speeding, a law enforcement officer discovered marijuana and cocaine in his vehicle. Henry was charged with misdemeanor possession of marijuana in county court. He filed a motion to suppress the marijuana, contending that it was discovered in an illegal search. The county court granted the motion to suppress. Rather than appealing the court's ruling, an assistant county attorney filed a motion to dismiss the prosecution, which was granted. Meanwhile, Henry was indicted for felony possession of cocaine in district court. He filed a motion to suppress the cocaine, arguing that the State was barred by collateral estoppel from relitigating the legality of the search. The district court granted the motion to suppress.

### DISCUSSION

The State argues the district court erred in granting the motion to suppress on the basis of collateral estoppel because the county court's suppression order was not a final ruling. Under the circumstances of this case, we agree.

Collateral estoppel is embodied in the Fifth Amendment's guarantee against double jeopardy. *See Ashe v. Swenson,* 397 U.S. 436, 445–46, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Our court of criminal appeals has indicated that a nonconstitutional, common-law version of collateral estoppel also applies in criminal cases. *See, e.g., State v. Brabson,* 976

S.W.2d 182, 183 (Tex.Crim.App.1998). Under both types of collateral estoppel, a prior ruling on an issue precludes relitigation of that issue only if the prior ruling is final. *See Ashe*, 397 U.S. at 443, 90 S.Ct. 1189; *Ex parte Tarver*, 725 S.W.2d 195, 199 (Tex.Crim.App.1986); *State v. Rodriguez*, 11 S.W.3d 314, 322–23 (Tex. App.-Eastland 1999, no pet. h.).[1]

A ruling on a motion to suppress is an interlocutory decision that may be reconsidered by the trial judge. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex.App.-Fort Worth 1996, no pet.); *Montalvo v. State*, 846 S.W.2d 133, 136 (Tex.App.-Austin 1993, no pet.). The State's failure to appeal a suppression ruling does not render the ruling final or preclude the trial judge from reconsidering it. *See Rodriguez*, 11 S.W.3d at 323; *Montalvo*, 846 S.W.2d at 136. A ruling is not final for purposes of collateral estoppel if it is subject to reconsideration. *See Tarver*, 725 S.W.2d at 199.

The fact that the county court prosecution was dismissed does not render the suppression ruling final. The dismissal of an indictment does not prevent a grand jury from returning a subsequent indictment charging the same transaction. *See Ex parte Williams*, 379 S.W.2d 911, 912 (Tex.Crim.App.1964). An interlocutory ruling in a case that was dismissed without prejudice does not have collateral estoppel effect. *See McConnell v. Attorney General*, 878 S.W.2d 281, 283 (Tex. App.-Corpus Christi 1994, no writ).

Finally, we note that the Eastland Court of Appeals has held, under similar procedural facts, that a county court's prior suppression ruling had no collateral estoppel effect on a prosecution in district court. *See Rodriguez*, 11 S.W.3d at 324. Rodriguez, like Henry, was charged with misdemeanor possession of marijuana in county court and felony possession of cocaine in district court. *See id.* at 315. The marijuana and cocaine were discovered during the execution of a single search warrant. The county court suppressed the marijuana because the affidavit supporting the warrant was insufficient to establish probable cause. As in this case, the State did not appeal the county court's ruling, but opted instead to dismiss the marijuana possession charge. The district court then dismissed the indictment for felony cocaine possession on the basis of collateral estoppel. *See id.* at 316. The court of appeals reversed. The court held that the county court's suppression order was not a final ruling. *See id.* at 322–23. The court based its decision in part on policy considerations, noting, "In many counties, the county attorney will be a part-time prosecutor filing the misdemeanor charge and litigating the misdemeanor suppression hearing. Often, the district attorney for that county will reside and office in another county, and there is no coordination between the two prosecutors." *Id.* at 323.

Under the circumstances of this case, we agree with the Eastland Court's reasoning and conclude that the county court's suppression ruling has no collateral estoppel effect.[2] Accordingly, the district court's order granting Henry's motion to suppress on the basis of collateral estoppel is reversed and the cause is remanded for further proceedings. Because of our dis-

---

1. Although not argued on appeal by the State, it appears that Fifth Amendment collateral estoppel does not apply here because jeopardy never attached in the county court. *See Ortiz v. State*, 933 S.W.2d 102, 105 (Tex.Crim. App.1996) (noting that in both state and federal courts jeopardy attaches in a jury trial when the jury is impaneled and sworn, in federal court in a bench trial when the judge begins to hear evidence, and in state court in a bench trial when the defendant enters a plea). The court of criminal appeals has not clearly defined the scope of common-law collateral estoppel or the circumstances in which it applies. *See, e.g., Reynolds v. State*, 4 S.W.3d 13 (Tex.Crim.App.1999).

2. We express no opinion on whether collateral estoppel would bar the State from relitigating the admissibility of the marijuana if it refiled the misdemeanor marijuana charge.

position of this issue, we find it unnecessary to address the State's argument that the district court's suppression order is overly broad.