The STATE of Texas, Appellant

v.

Cory A. STEVENS, Appellee.

No. 14–05–00129–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 12, 2006.

Discretionary Review Granted
June 14, 2006.

Robert T. Rice, Angleton, for appellants.

Keith G. Allen, Angleton, for State.

Panel consists of Justices FOWLER,
EDELMAN, and GUZMAN.

## MAJORITY OPINION

RICHARD H. EDELMAN, Justice.

The State appeals the trial court's granting of Cory A. Stevens's motion to sup-

press evidence.[1] We affirm.

In 1995, appellee pleaded no contest to a charge of involuntary manslaughter in Brazoria County and was placed on ten years deferred adjudication probation. In 2003, the State filed a motion to adjudicate guilt, alleging appellee violated the terms of his probation by driving while intoxicated ("DWI") in Tom Green County. In the Tom Green County DWI prosecution (the "DWI case"), appellee filed a motion to suppress all of the evidence on Fourth Amendment grounds, the trial court granted the motion without making express findings of fact, and the State dismissed that case.

Appellee thereafter filed a motion to suppress all of the evidence from the DWI case in the adjudication proceeding. Based on the transcript of the suppression hearing in the DWI case and the arguments of counsel, but no further evidence, the trial court granted appellee's motion to suppress.[2] It is from this ruling that the State now appeals.

A trial court's ruling must be upheld if it is correct under any theory of law applicable to the case and supported by the record even if the trial court gives the wrong reason for its ruling. *Estrada v. State*, 154 S.W.3d 604, 607 (Tex.Crim. App.2005); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex.Crim.App.2003) *cert. denied*, 541 U.S. 974, 124 S.Ct. 1883, 158 L.Ed.2d 469 (2004). Thus, although a trial court's ruling generally may not be *reversed* on a ground not raised in the trial court, such a ruling can (and should) be upheld if it is correct under any applicable theory, including one never raised by the appellee.[3]

When reviewing a trial court's ruling on a mixed question of law and fact, such as reasonable suspicion or probable cause, we review the trial court's application of the law to the facts of the case *de novo*. *Estrada*, 154 S.W.3d at 607. However, we afford almost total deference to the trial court's determinations of historical facts that involve an evaluation of the credibility and demeanor of the witnesses. *Masterson v. State*, 155 S.W.3d 167, 170 (Tex. Crim.App.2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 1330, 164 L.Ed.2d 47, 2006

1. The State may appeal an order in a criminal case granting a motion to suppress evidence. TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(5) (Vernon Supp.2005).

2. Because it has not been raised by the State, we do not address whether the Fourth Amendment exclusionary rule even applies to a community supervision revocation proceeding. *See Pa. Bd. of Prob. & Parole v. Scott*, 524 U.S. 357, 363–64, 118 S.Ct. 2014, 141 L.Ed.2d 344 (1998)(holding that the exclusionary rule does not apply to proceedings other than criminal trials); *Arkansas v. Sullivan*, 532 U.S. 769, 771–72, 121 S.Ct. 1876, 149 L.Ed.2d 994 (2001)(finding that states are not permitted to interpret the Fourth Amendment as offering greater protection than determined by the United States Supreme Court); *Oles v.State*, 993 S.W.2d 103, 105 n. 1 (Tex.Crim.App.1999)(stating that the Texas Court of Criminal Appeals has repeatedly held that Article I, § 9 of the Texas Constitution

does not provide any greater protection than the Fourth Amendment exclusionary rule); *Hulit v. State*, 982 S.W.2d 431, 436 (Tex.Crim. App.1998)(same).

3. *Martinez v. State*, 91 S.W.3d 331, 336 (Tex.Crim.App.2002)(holding that appellate courts may uphold a trial court's ruling on any legal theory or basis applicable to the case, but may not reverse a trial court's ruling on any theory or basis that might have been applicable to the case, but was not raised); *Hailey v. State*, 87 S.W.3d 118, 121–22 (Tex. Crim.App.2002) (same); *State v. Mercado*, 972 S.W.2d 75, 77–78 (Tex.Crim.App.1998). It is thus not apparent how decisions such as *Allen*, holding that an appellate court *may not affirm* a trial court's granting of a motion to suppress ruling on a ground not raised in the trial court, conforms with the holdings in *Mercado*, *Martinez* and *Hailey*. *See State v. Allen*, 53 S.W.3d 731, 733–34 (Tex.App.-Houston [1st Dist.] 2001, no pet.).

WL 386379 (2006). We also afford deference to a trial court's determination of historical facts based exclusively on physical or documentary evidence, as in this case, rather than on the credibility of any live witnesses. *See Manzi v. State*, 88 S.W.3d 240, 243–44 (Tex.Crim.App.2002). A trial court may believe or disbelieve all or any part of a witness's testimony, even if that testimony is uncontroverted. *Masterson*, 155 S.W.3d at 171.

Where, as here, the trial court does not make explicit findings of fact in ruling on a motion to suppress, we review the evidence in the light most favorable to the ruling and assume the trial court made whatever implicit findings of fact were necessary to reach that ruling and supported by the record. *Ford v. State*, 158 S.W.3d 488, 492–93 (Tex.Crim.App.2005). Thus, where a motion to suppress is granted despite evidence supporting the existence of reasonable suspicion or probable cause

(whether controverted or uncontroverted), we presume the trial court found that evidence not credible. *State v. Ross*, 32 S.W.3d 853, 856–58 (Tex.Crim.App.2000).

■ The State's sole issue on appeal challenges the granting of the motion to suppress all evidence from the DWI case based on collateral estoppel because the ruling on the motion to suppress in that case neither decided an ultimate issue nor was it a final judgment. Although the collateral estoppel ruling by the trial court is questionable,[4] we must affirm the granting of the motion to suppress if it is correct under any theory of law applicable to the case, even if not raised by appellee in the trial court.[5]

■ The Tom Green County court granted appellee's motion to suppress for a lack of reasonable suspicion in stopping appellee.[6] The record from the suppres-

---

**4.** In addition to other considerations, such as that the suppression ruling in the DWI case was not a final judgment on the merits and that jeopardy had not attached in that case, that ruling did not reflect a finding of any particular fact. *See Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)(holding that the doctrine of collateral estoppel applies when an issue of ultimate fact has necessarily been determined by a valid final judgment). In explaining its ruling in the present case, the Brazoria County trial court stated that:

> the Court of Tom Green County made its finding that the stop and arrest of Defendant was without reasonable and/or probable cause, and therefore that *all facts regarding the unlawful DWI arrest and detention* of defendant, ... *were adjudicated in favor of Defendant*, and thus, under the doctrine of collateral estoppel and in accordance with *Guajardo v. State* the Motion to Suppress all evidence from Tom Green County should be Granted. (emphasis added).

However, it does not logically follow from the suppression ruling in the DWI case that *all* facts were found in favor of appellee. The trial court made no express findings of

fact in that case. Moreover, even in a suppression hearing where the only evidence presented is the testimony of the police officer (supporting denial of the motion), a trial court might nevertheless grant the motion because it does not know what the facts are (and thus cannot make any affirmative findings of fact), but just isn't convinced that the facts are as the witness has testified. *Ross*, 32 S.W.3d at 856. Without a specific fact that the record reflects was necessarily decided in such a ruling, collateral estoppel does not apply. *See Ashe*, 397 U.S. at 443, 90 S.Ct. 1189; *Guajardo v. State*, 109 S.W.3d 456, 460–61 (Tex.Crim.App.2003).

**5.** *Armendariz*, 123 S.W.3d at 404.

**6.** A police officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has an objectively reasonable and articulable suspicion that criminal activity is afoot. *Illinois v. Wardlow*, 528 U.S. 119, 123, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000); *Brother v. State*, 166 S.W.3d 255, 257 (Tex.Crim.App.2005). In making reasonable suspicion determinations, courts must look at the totality of circumstances of each

sion hearing in the DWI case contained the Police Officer's testimony that he stopped appellee after witnessing him commit traffic violations, and thus had reasonable suspicion for the stop. *See* TEX.CODE CRIM. PROC. ANN. art. *14.01(b)* (Vernon 2005); TEX. TRANSP. CODE ANN. § 543.001 (Vernon 1999). We must therefore presume that the trial court's granting of the motion was based on a credibility determination (rather than an erroneous application of the law to those facts). *See Ross*, 32 S.W.3d at 857–58. Affording the same deference to the suppression ruling by the Brazoria County trial court, that ruling would likewise be correct under a theory of law that is applicable to the case and supported by the record, even if it was not a ground presented to, or relied upon, by the trial court. *See Martinez v. State*, 91 S.W.3d 331, 336 (Tex.Crim.App.2002). Under these circumstances, the State's issue affords no basis for reversal. Accordingly it is overruled, and the judgment of the trial court is affirmed.

FOWLER, J., dissenting.

WANDA McKEE FOWLER, Justice, dissenting.

In this case, the trial judge, based upon an erroneous reading and application of the law of collateral estoppel, decided he could not consider anew evidence on a motion to suppress. The entire record from the proceeding in Brazoria county, including the judge's written order, completely revolves around collateral estoppel. Although we may affirm on any ground supported by the record, because the judge entered conclusions of law and because the record supports no other legal basis upon which to affirm, I believe we should reverse and remand for a hearing

case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing. *United States v. Arvizu*,

to determine whether or not the motion should be granted based upon an evaluation of the evidence presented, not collateral estoppel. Accordingly, I respectfully dissent.

## I. The Record Supports Only One Theory

The judge in Brazoria county held two hearings on the motion to suppress. At both, the sole issue was whether or not collateral estoppel precluded his review of the State's evidence regarding whether or not the initial DWI stop in Tom Green County was permissible. At the second hearing—after ordering and reviewing the entire record from Tom Green County—the judge ruled to suppress all evidence from the DWI stop. He did not, however, review the record to determine any historical facts, make credibility determinations, or in any way evaluate the evidence. Rather, he stated on the record,

> Being quite specific and quite narrow, all my ruling does is it shows that all the facts were considered by the Court and pretty clear on the record that all the facts were considered concerning whether or not there was reasonable suspicion to stop and—or probable cause. Those issues, all the facts underlying those, were thoroughly litigated and the Court made—inferentially it's clear that he did consider all those facts and that's all in my opinion that it foreclosed—it's a rare situation that you would have all that; but in that situation, the State came up with no independent—and it was case determinative. It was the ultimate issue of fact in the case. It wasn't—didn't go to some of the proof on an issue, but it was the ultimate issue on a key issue

534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002).

without which you can't get there from here on a proof of a DWI.

At no time did the judge state he personally evaluated the testimony to determine whether or not the State had, in his own mind, proved reasonable suspicion. He simply believed the Tom Green County judge decided an ultimate fact issue adversely to the State.

But, the Tom Green County judge entered no findings of fact or conclusions of law. Indeed, reading the transcript, one would have to "inferentially" conclude on what basis the Tom Green County judge based his ruling. It is unclear whether the Tom Green County judge ruled based upon a determination of credibility, or whether he believed the testimony and determined that, as a matter of law, there was no reasonable suspicion. Yet the judge in this case applied collateral estoppel based upon an "ultimate issue of fact" when it is unclear what that ultimate issue of fact is and whether or not the Tom Green County judge found that fact adversely to the State.

In addition to the hearing transcript, the judge's order referenced only collateral estoppel as a basis for his ruling. Although he stated he considered the record from Tom Green County, he emphasized that his only conclusion was the following:

> [T]hat all facts regarding the unlawful DWI arrest and detention of defendant, Cory A. Stevens, have been decided by the County Court of Tom Green County, Texas, were fully adjudicated as to factual findings resulting in Defendant's arrest, and were adjudicated in favor of Defendant, and thus, under the doctrine of collateral estoppel and in accordance with *Guajardo v. State*[1] the Motion to Suppress all evidence from Tom Green County should be GRANTED.

No other testimony, questioning, or argument contradicts these statements. Stated differently, the record wholly lacks any indication that the judge in this case made an independent determination of reasonable suspicion. He never said that he found any testimony credible or not credible. He never said that he agreed with the Tom Green County judge's resolution of the issue. He simply stated, narrowly and specifically, that he considered himself bound by the implicit ruling from the Tom Green County judge. As such, we must consider whether or not the judge in this case was correct in considering himself bound.

## II. The Judge Erred in His Application of Collateral Estoppel

As an initial matter, I do not believe we must squarely decide whether or not collateral estoppel may apply in this context when there is no final judgment and no issue of double jeopardy. Other courts of appeals in this State have addressed that question and answered it in the negative. *See State v. Rodriguez*, 11 S.W.3d 314 (Tex.App.-Eastland 1999); *State v. Henry*, 25 S.W.3d 260 (Tex.App.-San Antonio 2000). At least four judges of the Texas Court of Criminal Appeals agree with that assessment. *Guajardo v. State*, 109 S.W.3d 456, 462–63, 468–69 (Tex.Crim.App. 2003) (Meyers, J. and Hervy, J. concurring) (Presiding Judge Keller and Judge Keasler also joined Judge Hervey's concurrence). However, we need not reach that question because there is not enough in the Tom Green County record to support a ruling of collateral estoppel even if it did apply.

To find collateral estoppel applies, a tri-

---

1. *Guajardo v. State,* 109 S.W.3d 456 (Tex. Crim.App.2003).

al court must find that the verdict[2] *necessarily* was grounded upon an issue which a defendant seeks to foreclose from litigation. *Guajardo v. State,* 109 S.W.3d at 462 n. 16. It is not enough that another court possibly determined an issue adversely to the State. *Id.* Yet, that is precisely how the judge in this case based his ruling—on an inference, a possibility. In this case, the Tom Green County judge heard all of the evidence, took the matter under advisement, and issued a short order with no explanation for his reasoning. Additionally, during the hearing, he indicated that he might believe the officer, yet not find that the evidence legally amounted to reasonable suspicion. The Tom Green County judge's determination could just as easily have been based on a legal determination as a credibility determination. Without a clear statement either in the Tom Green County record or the order, the basis for that ruling is ambiguous at best. Collateral estoppel requires more than an ambiguity, it requires certainty. This record simply cannot support the trial judge's application of collateral estoppel.

Whether or not collateral estoppel should apply in the context of a motion to suppress, our result should be the same: reverse and remand for a new hearing where the judge makes an independent finding. Of course, I would not mandate what evidence he could consider and use to reach his conclusion, but his review must be independent. Without any findings of fact or conclusions of law from Tom Green County, the judge in this case was correct when he said he was inferring what happened in the other court. But inferences are not enough—they are mere possibility. Collateral estoppel requires more; it requires the result necessarily to be ground-

ed upon that issue the defendant seeks to foreclose from litigation. That standard simply cannot be met here.

**Conclusion**

Because the record cannot support the judge's ruling on collateral estoppel, or on any other basis, I respectfully dissent.

---

2. This is the term used in the line of cases cited in the Court's footnote. The term is appropriate given that courts traditionally, as the *Henry* and *Rodriguez* courts explain, apply collateral estoppel to final rulings.