IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0226-06






THE STATE OF TEXAS



v.



CORY A. STEVENS, Appellee








ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


BRAZORIA COUNTY





 Cochran, J., filed a concurring opinion in which Keasler and
Hervey, JJ., joined.


O P I N I O N 



 I agree with the majority opinion as far as it goes. But it might appear to be based upon
the premise that the doctrine of collateral estoppel applies to a finding of probable cause on
a pretrial motion to suppress evidence. That is a premise that I do not necessarily accept. And
it is a threshold issue that this Court specifically declined to answer in Guajardo v. State, (1)
although the State had raised the question in its petition for discretionary review. (2) Four
members of this Court stated or suggested, in Guajardo, that collateral estoppel does not
apply to pretrial rulings made in a motion to suppress evidence. (3) Justice Fowler, in her
dissenting opinion in this case, noted these concurring opinions as well as two court of
appeals's decisions which had held that collateral estoppel does not apply in this context. (4) 
Even the majority opinion in the court of appeals stated that the "collateral estoppel ruling by
the trial court is questionable," and noted that "[i]n addition to other considerations, such as
that the suppression ruling in the DWI case was not a final judgment on the merits and that
jeopardy had not attached in that case, that ruling did not reflect a finding of any particular
fact." (5) 

 Although the court of appeals is certainly free to decide the present case on narrower
grounds than the question of whether collateral estoppel applies to a finding of probable cause
on a pretrial ruling on a motion to suppress, I do not read the Court's opinion as holding (or
even suggesting) that collateral estoppel does, in fact, apply to such pretrial rulings.

 With this caveat, I join the Court's opinion. 

 

Filed: October 3, 2007

Publish 
1. 109 S.W.3d 456 (Tex. Crim. App. 2003).
2. Id. at 457, n.1. In Guajardo, we granted the State's six grounds for review, but, because the
case could be resolved based solely on the first ground-a defendant may not obtain appellate review of
his collateral estoppel claim, when the trial court rejected that claim, if he fails to introduce a record of
the first proceeding in the second proceeding and to include that record on appeal-we dismissed the
State's other grounds as unnecessary to the disposition of the case. Id. at 459. Grounds three through
five in Guajardo directly posed the question of whether collateral estoppel applies to a pretrial
suppression ruling:

3) Is a pretrial ruling on reasonable suspicion to stop, or probable cause to arrest, a ruling
regarding an ultimate fact, or merely, as other courts have held, a ruling on the admissibility of
evidence which cannot serve as the basis of a collateral estoppel bar to relitigation of that issue
in another court on another case? 

4) Does jeopardy attach in a pretrial hearing on a motion to suppress and is a pretrial ruling on
reasonable suspicion to stop, or probable cause to arrest, on a case that is subsequently
dismissed, a final judgment, or merely, as other courts have held, a ruling on the admissibility of
evidence which cannot serve as the basis of a collateral estoppel bar to relitigation of that issue
in another court on another case?

5) Is there a due process basis, independent of the double jeopardy clause, for application of
collateral estoppel, and if so, does it apply where the first proceeding did not end in a final
judgment?

Id. at 457, n.1.
3. Id. at 463 (Meyers, J., concurring) ("Because dismissal before jeopardy attaches does not
qualify as a 'final disposition' of any factual question, collateral estoppel is not applicable."); Id. at 467
(Hervey, J., joined by Keasler, J., concurring) ("An evidentiary ruling on a motion to suppress is not a
ruling on an issue of ultimate fact or law in the cocaine case. This evidentiary ruling also is not a final
judgment.") (citation omitted); and id at 469 (Hervey, J., joined by Keller, P.J., and Keasler, J.,
concurring) ("I would hold that collateral estoppel principles do not apply to criminal cases beyond
Ashe's double jeopardy context.").
4. State v. Stevens, 187 S.W.3d 565, 569 (Tex. App.-Houston [14th Dist.] 2006) (Fowler, J.,
dissenting) (citing State v. Rodriguez, 11 S.W.3d 314 (Tex. App.-Eastland 1999, no pet.); State v.
Henry, 25 S.W.3d 260 (Tex. App.-San Antonio 2000, no pet.)).
5. Id. at 567 & n.4.