Reversed and Remanded and Opinion on Remand filed July 29, 2008








Reversed and
Remanded and Opinion on Remand
filed July 29, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00129-CR

____________

 

THE STATE OF TEXAS, Appellant

 

V.

 

CORY A. STEVENS, Appellee

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 28,108

 



 

O P I N I O N   ON   R E M A N D








On remand from the Court of Criminal Appeals, we consider
the State=s contention that, in an action to adjudicate guilt on
a charge of involuntary manslaughter after appellee Cory A. Stevens was
arrested for driving while intoxicated (ADWI@) in Tom Green
County, the Brazoria County district court erred by granting Stevens=s motion to
suppress evidence based on the application of collateral estoppel to an earlier
ruling of the county court at law in Tom Green County granting Stevens=s motion to
suppress evidence in the DWI prosecution.  We hold that the doctrine of
collateral estoppel does not apply because no final judgment was entered in the
Tom Green County proceeding, and even if one had been entered, it would have
not have included a finding on an element of the alleged offense, because the
issue determined in the Tom Green County proceeding was whether the police
officer had reasonable suspicion or probable cause to stop Stevens, not whether
there was evidence to support the elements of the DWI offense as alleged in the
motion to adjudicate.  Accordingly, we reverse and remand to the trial court.

Factual
and Procedural Background

The factual and procedural background of the case is
detailed in the Court of Criminal Appeals opinion, State v. Stevens, 235
S.W.3d 736, 737B39 (Tex. Crim. App. 2007); therefore, we
will recount only the facts necessary to determine the present issue.  

In 1995, Stevens pleaded Ano contest@ to involuntary
manslaughter in Brazoria County and was placed on ten years=
deferred-adjudication community supervision.  Id. at 738.  In June 2003,
Stevens was arrested in Tom Green County for DWI.  Id.  Consequently,
the Brazoria County District Attorney=s office filed a
motion to adjudicate guilt on the involuntary manslaughter offense.  Id.


In January 2004, Stevens moved to suppress evidence in the
Tom Green County DWI case, questioning the validity of the initial stop of his
vehicle.  Id.  At a pretrial hearing, both the State and the defense
presented evidence, including the testimony of the officer who initially
stopped Stevens.  Id.  The Tom Green County court at law granted Stevens=s motion to
suppress, but filed no findings of fact or conclusions of law.  Id.  The
DWI case was then dismissed.  Id.








In September 2004, in response to the State=s motion to
adjudicate guilt in Brazoria County, Stevens moved to suppress the evidence
from the DWI arrest based on the findings of the Tom Green County court at
law.  Id.  The judge in Brazoria County held two hearings on the motion
to suppress.  Id.  At both, the issue was whether collateral estoppel
precluded his review of the State=s evidence
regarding whether there was reasonable suspicion or probable cause to make the
initial DWI stop in Tom Green County.  See id. at 738B39.  The judge
granted the motion to suppress, finding that the record showed that Aall the facts were
considered concerning whether or not there was reasonable suspicion to stop andBor probable cause
. . . . It was the ultimate issue of fact in the case.@  Id. at
739.  The trial court=s suppression order also reflected that,
because the issue of whether the stop and arrest of appellee without reasonable
suspicion and/or probable cause was fully adjudicated, the motion to suppress
should be granted based on the application of the doctrine of collateral
estoppel.  See id.[1] 


Analysis

On remand, we consider the State=s contention that
the trial court committed reversible error in applying the doctrine of
collateral estoppel and in granting Stevens=s motion to
suppress.  We review the trial court=s decision to
apply collateral estoppel de novo.  Id. at 740.








The doctrine of collateral estoppel is embodied within the
Double Jeopardy Clause of the Fifth Amendment, which is applicable to the
states through the Fourteenth Amendment.  Murphy v. State, 239 S.W.3d
791, 794 (Tex. Crim. App. 2007) (citing Ashe v. Swenson, 397 U.S. 436,
445 (1970); U.S. Const. amend. V;
U.S. Const. amend. XIV).  While
double jeopardy protects a defendant against a subsequent prosecution for an
offense for which the defendant has been acquitted, collateral estoppel deals
only with relitigation of specific fact determinations.  Id.  Collateral
estoppel means A>that when an issue
of ultimate fact has once been determined by a valid and final judgment, that
issue cannot again be litigated between the same parties in any future lawsuit
relating to the same event or situation.=@  Id.
(quoting Ashe, 397 U.S. at 443; Ex Parte Taylor, 101 S.W.3d 434,
440 (Tex. Crim. App. 2002)).  Thus, for collateral estoppel to apply on a
constitutional basis, jeopardy must have attached or there must have been the
equivalent of criminal punishment in the first proceeding.  State v.
Rodriguez, 11 S.W.3d 314, 317B19 (Tex. App.CEastland 1999, no
pet.).  The scope of the facts that were actually litigated determines the
scope of the factual finding covered by collateral estoppel.  Murphy,
239 S.W.3d at 795.  The very fact or point at issue in the pending case must
have been determined in the prior proceeding.  Id.  The defendant must
meet the burden of proving that the facts in issue were necessarily decided in
the prior proceeding.  Id.  

To determine whether collateral estoppel bars a subsequent
prosecution or permits the prosecution but bars relitigation of certain
specific facts, the reviewing court applies a two-step analysis to determine
(1) exactly what facts were necessarily decided in the first proceeding, and
(2) whether those necessarily decided facts constitute essential elements of
the offense in the second trial.  Id.  To satisfy the second part of the
analysis, the precise fact litigated in the first prosecution Amust also be an
essential element of the subsequent offense.@  Id.  ASpecifically, if
the necessarily decided fact litigated in the first prosecution constitutes an
essential element framed within the second prosecution=s offense, then
the >essential element
of the offense= prong is satisfied.@  Id.  








In Murphy, the appellant was stopped for speeding,
and during a search of his vehicle, the state trooper who stopped him
discovered marijuana and cocaine in the vehicle, and arrested the appellant for
possession of drug paraphernalia and possession of a controlled substance.  Id.
at 792B93.  The appellant
was later acquitted on the paraphernalia charge in justice court, after the
trial judge entered an order in which he found, among other things, that the
State failed to demonstrate that there was probable cause to stop the
appellant.  Id. at 793.  The appellant then moved to suppress the
evidence and dismiss the indictment in the possession of a controlled substance
case in the district court, contending that, based on the findings in the
earlier case, collateral estoppel prohibited the State from introducing
evidence of the trooper=s probable cause to stop and detain him.  Id. 
The trial court denied the motions, and the court of appeals affirmed.  Id.
at 794.  

On the facts before it, the Court of Criminal Appeals
determined that only the second prong of the collateral estoppel analysisCwhether the facts
decided in the first proceeding constituted essential elements of the offense
in the second trialCwas at issue.  Id. at 795.  The
Court began by acknowledging that A[i]n order to
successfully prosecute appellant in separate trials for possession of drug
paraphernalia and possession of a controlled substance, the state must first
prove that reasonable suspicion or probable cause existed to stop appellant . .
. .@  Id. 
Nevertheless, and significantly here, the Court went on to explain that, while
factors such as reasonable suspicion or probable cause to stop or search an
individual Aare important preliminary issues,@ they are Amerely issues of
the admissibility of evidence@ and Aare not elements
essential to proving the commission of@ the charged
offenses.  See id. at 795B96.  Accordingly,
the Murphy Court held that the evidentiary findings in the justice court
prosecution for possession of drug paraphernalia, which included a finding that
the State failed to show probable cause in stopping the appellant=s vehicle, did not
relate to the essential elements of the possession of a controlled substance
charge tried in the district court, and therefore collateral estoppel did not
apply to preclude conviction on the latter charge.  Id. at 796.








Here, the State filed a motion to adjudicate guilt,
alleging, in part, that Stevens violated the terms of his probation by driving
while intoxicated in Tom Green County.  The Brazoria County district court,
reviewing the record of the Tom Green County proceeding, determined that the
county court at law judge found that the stop and arrest of Stevens was without
reasonable suspicion and/or probable cause, and that this was the Aultimate issue of
fact in the case.@  See id. at 795B96.  However,
applying the reasoning of Murphy, whether there was reasonable suspicion
or probable cause to stop and arrest appellee for DWI was merely an evidentiary
issue that does not relate to an essential element of the DWI alleged as a
basis for the State=s motion to adjudicate.  See id.; Rodriguez,
11 S.W.3d at 319 (holding that order granting motion to suppress in appellant=s misdemeanor
possession of marijuana case based on finding that affidavit supporting search
warrant failed to establish probable cause did not determine an ultimate issue
in appellant=s district court case involving felony offense of
possession of cocaine with intent to deliver); see also Neaves v.
State, 767 S.W.2d 784, 786B87 (Tex. Crim. App. 1989) (holding that
issue in administrative hearing of whether police had probable cause to believe
appellant had been driving while intoxicated when he was asked for breath
specimen was not an issue of ultimate fact in appellant=s prosecution for
DWI).  Thus, the protection from double jeopardy afforded by the Fifth
Amendment is not implicated here, and as a consequence, collateral estoppel
based on double jeopardy may not be imposed to bar the subsequent adjudication
of guilt based on the alleged DWI.  See Murphy, 239 S.W.3d at 796; Rodriguez,
11 S.W.3d at 319.








Additionally, collateral estoppel based on double jeopardy
also requires that  the issue of ultimate fact is determined Aby a valid and
final judgment.@  See Ashe, 397 U.S. at 443;
Stevens, 235 S.W.3d at 740.  Texas courts have held that collateral
estoppel based on civil law conceptsCas distinct from
collateral estoppel based on double jeopardyClikewise requires
that there be a valid and final judgment in the first proceeding for the
doctrine to apply.  See State v. Henry, 25 S.W.3d 260, 261B62 (Tex. App.CSan Antonio 2000,
no pet.); Rodriguez, 11 S.W.3d at 322B23.[2] 
We agree with the reasoning of these courts.  A ruling on a motion to suppress
evidence is a pretrial ruling by the trial judge that is not a final judgment
and does not necessarily involve an ultimate issue in a criminal prosecution.  Rodriguez,
11 S.W.3d at 322.  Because it is an interlocutory ruling, it may be
reconsidered by the trial judge.  Henry, 25 S.W.3d at 262; Rodriguez,
11 S.W.3d at 322.  Further, neither the State=s failure to
appeal a suppression ruling nor the dismissal of the first case renders the
suppression ruling final.  Henry, 25 S.W.3d at 262; Rodriguez, 11
S.W.3d at 323; see Stevens, 235 S.W.3d at 740B41 & n.2
(Cochran, J., concurring) (noting that in Guajardo v. State, 109 S.W.3d 456 (Tex. Crim. App. 2003), four members of
the Court of Criminal Appeals stated or suggested that Acollateral
estoppel does not apply to pretrial rulings made in a motion to suppress
evidence.@).  Because the ruling on the motion to suppress in
the Tom Green County DWI was an interlocutory, non-final order on Stevens=s motion to
suppress, and the case was ultimately dismissed, collateral estoppelCwhether based on
double jeopardy or civil law conceptsCcannot apply. 
Consequently, the Brazoria County trial court erred in granting Stevens=s motion to
suppress on the basis that collateral estoppel precluded the State=s presentation of evidence
relating to the stop and arrest of Stevens in Tom Green County for DWI.  

Conclusion

Under the circumstances of this case, we conclude that the
Brazoria County district court=s order granting Stevens=s motion to
suppress on the basis of collateral estoppel was error because any findings of
fact on the issue of reasonable suspicion and/or probable cause to stop Stevens
would not relate to an essential element of the DWI alleged as a basis for the
State=s motion to
adjudicate guilt, and there was no final judgment in the original DWI
prosecution.  Accordingly, we reverse the order granting the motion to suppress
and remand 

 

 

 

 








for
further proceedings consistent with this opinion.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

 

Judgment rendered
and Opinion on Remand filed July 29, 2008.

Panel consists of
Justices Fowler, Frost, and Seymore.

Publish C Tex. R. App. P. 47.2(b).









[1]  We note that, in appellee=s brief, he likewise asserts that the Athe ultimate fact issue@ in this case Awas the traffic stop in Tom Green County.@





[2]  It is unclear whether and to what extent civil
collateral estoppel concepts apply in the criminal law context.  See Henry,
25 S.W.2d at 261; Rodriguez, 11 S.W.3d at 319B20; see also Guajardo v. State, 109 S.W.3d 456,
468 (Tex. Crim. App. 2003) (Hervey, J., concurring) (AThis Court has never squarely addressed whether
collateral estoppel principles beyond Ashe=s double jeopardy context should apply to Texas criminal cases.@) (citing Reynolds v. State, 4 S.W.3d 13, 15B22 (Tex. Crim. App. 1999); State v. Brabson,
976 S.W.2d 182, 183B86 (Tex. Crim. App. 1998)).  We hold only that, in
this case, civil collateral estoppel cannot apply because there was no final
judgment in the Tom Green County proceeding.