# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00708-CR

**The State of Texas, Appellant**

**v.**

**Ali Abdulrazzqu Abduljabbar, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY
### NO. 24-01892-2, THE HONORABLE LAURA B. BARKER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State of Texas appeals from the trial court's denial of the State's request to pre-admit evidence before trial began. Appellee Ali Abdulrazzqu Abduljabbar has filed a motion to dismiss the State's appeal for want of jurisdiction. For reasons explained below, we will dismiss the appeal for want of jurisdiction.

## BACKGROUND

The State charged Abduljabbar with bodily-injury assault involving family violence. The case proceeded to a jury trial. On the morning of the first day of trial, the trial court announced that before jury selection, it was "going to do some preliminary stuff on this case," including considering motions in limine filed by both the State and defense counsel. After the trial court granted the motions in limine, the State requested to "pre-admit" a recording of a 911 call made by the complainant, "if there's no objection." Defense counsel responded that he

had "a number of objections," including that the recording violated both the Confrontation Clause of the United States Constitution and the evidentiary rule against hearsay. *See* U.S. Const. amend. VI; Tex. R. Evid. 802. After listening to the 911 call and hearing argument by the parties, the trial court stated that it "agree[d] with defense counsel, and I am not going to allow the 911 call." Defense counsel asked the trial court to clarify if "that [was] on Sixth Amendment grounds or hearsay, or both," and the trial court explained that "it would be on both." The record contains no written order memorializing the trial court's ruling, nor does the record reflect that the State sought such an order.

A break was taken, after which the State indicated that it might dismiss the case in exchange for Abduljabbar completing a batterer intervention program. Following discussion on the matter, the State indicated that it would "draft a dismissal now," and another break was taken. However, when proceedings resumed after the break, jury selection began, with no further mention of a dismissal. Near the end of jury selection, the trial court took a recess. When proceedings resumed, the State asked to approach the bench and informed the trial court that it had filed a notice of appeal:

> [The State]: Your Honor, may we approach? We have a notice of appeal filed, and we get a stay per Article 44.01(e) of the Code of Criminal Procedure.
>
> [The Court]: Based upon what?
>
> [The State]: The suppression of the 911 call.
>
> [The Court]: There has been no suppression of a 911 call. We haven't even started trial yet.

2

[The State]: And a notice of appeal has been filed, there is a stay in the proceedings before—until we're done—

[The Court]: You can't appeal a case that hasn't even started yet.

[The State]: Yes, Your Honor, we can, before jeopardy attaches, if there is a suppression issue, we are entitled to appeal and when we have— May I approach with—with the—the code, Your Honor?

[The Court]: Bring it up.

[The State]: I've also provided counsel a copy as well. Under Article 44.01(a) pretrial we can appeal—

[The Court]: There is no order. There has been no order signed in this case, so you cannot appeal something that has not been ordered.

[The State]: If it is on the record, Your Honor, I will be able to see that and appeal it.

[Defense]: And, Your Honor, for the State's paragraph I [in the notice of appeal], State said the Court having grant[ed] Defendant's Motion to Suppress. I made no motion to suppress.

[The Court]: I know.

[The State]: An objection to suppress pretrial is the same as a motion to suppress, Your Honor.

[The Court]: Okay. There's been no motion to suppress anything here, at all, and that's what you're basing this off of.

[The State]: Well, that will then lose jurisdiction and the Third Court of Appeals will kick it back. However, until they can make that determination, we are proceeding with our appeal.

3

> [The Court]: All right. I'm going to take a short break because I don't believe this is something that you can do. And I will go check with another appellate attorney, but I don't believe this is correct.

Defense counsel then interjected to make an additional objection to the admissibility of the 911 call based on a violation of the evidentiary rule relating to business-record affidavits. *See* Tex. R. Evid. 902(10)(A). The trial court took a recess, and when the trial court returned, defense counsel argued against staying the proceedings:

> The State's announced ready. The Defense is ready. Again, this is—whatever has happened, whether there was a formal ruling or not, it was not because of a— it was not because of a defense motion to suppress. It's the State attempting to preadmit evidence, which I do believe, I don't know if I stated this clearly enough or not, that I didn't want to preadmit the evidence. And I did voice my objections to the evidence at the time that you did make a ruling, or were to make a ruling. And given that, it just seems like the State has an issue with their evidence.
>
> They're looking to buy time to address that. If you stay the proceedings, I assume the State's then going to go try even harder than what they've done, which I would hope they made some attempt to actually subpoena the victim. But I imagine they're going to try and make their—get their case together in an attempt to remedy the issues that they have right now, when, you know, they're clearly just looking to delay, to buy themselves time to make their case stronger when they've announced ready now, two consecutive trial settings. We're here. We're ready for trial. I would like to move forward.

Following additional argument between the parties on the admissibility of the 911 call, the trial court announced that it had not "looked at or reviewed" a motion to suppress, that it was moving forward with trial, and that it would withhold its ruling on the admissibility of the 911 call:

> [The Court]: Okay. So the notice of appeal states that this is in regards to Defendant's Motion to Suppress. That's what the notice of appeal is for, that the

4

Court granted the Defendant's Motion to Suppress and seeks review of that order. But there was no Defendant's Motion to Suppress that the Court looked at or reviewed in this matter.

[The State]: Your Honor, the State believes that the Defense's objection is the same as a suppression issue and the ruling made would then be that order.

[The Court]: I don't believe that's the same thing. What was presented was what was presented by the State, and the Defense just made an objection to it. So what I'm going to do is *I'm going to withhold any rulings on anything*. And as we're not in trial yet and we haven't seated a jury, I'm going to allow the State to present their evidence for any rulings since we haven't actually had trial start yet and since the notice of appeal is in relation to a Defendant's notion or Motion to Suppress, which is not anything that's been filed or anything that is ruled on, since that's not in my file. We're going to go forward with the case. So we'll go ahead and bring the jury back in.

(Emphasis added).

The jury was impaneled and sworn, and the trial began. During trial that afternoon, the parties again presented argument on the admissibility of the 911 call, but the trial court made no ruling at that time. Then, at the end of the first day of trial, the State announced that it would "have the call taker, the dispatch 911 operator in to testify tomorrow morning." Defense counsel stated that he had no objection to the witness testifying but renewed his earlier hearsay and Confrontation-Clause objections to the admissibility of the call, and the State re-urged its arguments for admissibility. The trial court advised the parties:

Okay. Here is what I'm going to let you do. I'm going to let you provide me a short brief. Obviously, there were confrontation issues . . . . So I don't know. You're going to have to maybe convince me that there were enough—there was enough there, there's enough asked by the 911—911operator for it to be an ongoing emergent situation. So that's what you need to do. . . . A 911 call describing an ongoing emergency is not testimonial in nature, and it can be admitted at trial, right. So that's just depending on some things.

5

So y'all bring your stuff tomorrow morning, we'll address it at—I don't think we need very much time, but let's just say we're all back here at 8:30 that way there's enough time and that way you give me your best shot on everything from both sides. Okay.

The trial court then recessed the proceedings for the day. Also that afternoon, likely after the trial court recessed for the day, this Court granted the State's emergency motion to stay the proceedings, which the State had filed earlier that afternoon.[1]

The next day, when the parties appeared for trial, the trial court announced that "the Third Court has granted the State's Motion to Stay Proceedings" and that it would need to release the jury until "the Third Court comes back with a decision in the case." The trial court then brought out the jury and explained that due to "some unforeseen circumstances that arose in this case over last evening into today[,] [w]e are going to have to stop the proceedings at this point and resume at a later date." After releasing the jury, the trial court briefly discussed related matters with the parties and then recessed the proceedings pending this Court's disposition of the State's appeal.

**STANDARD OF REVIEW**

To determine whether we have jurisdiction over the State's appeal, we must construe Article 44.01 of the Code of Criminal Procedure, the statute that authorizes appeals by the State. *See* Tex. Code Crim. Proc. art. 44.01. "Statutory construction is a question of law that we review de novo." *State v. Heath*, 696 S.W.3d 677, 689 (Tex. Crim. App. 2024). "When

---

[1] The record reflects that the emergency motion to stay was filed in this Court at 2:36 p.m. and that this Court granted the motion at 4:31 p.m. Although the record does not reflect the time when the trial court recessed the proceedings, it appears likely that the recess occurred at approximately 4:00 p.m. Earlier that afternoon, the trial court had advised the parties that it was "stopping early" that afternoon, "at, like, 4 o'clock," because it needed to attend a funeral. When the State asked for a specific time, the trial court responded, "We're going to stop at 4:00 is what I'm telling you."

interpreting statutes, we seek to effectuate the collective intent or purpose of the legislators who enacted the legislation," and "the end goal is interpreting the text of the statute." *Id*. at 689-90. "In so doing, we necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of the text at the time of its enactment." *Id*. at 690. "In interpreting the text of a statute, we must presume that every word has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if possible." *Id*. "When a particular term is not legislatively defined but has acquired a technical meaning, we construe that term in its technical sense." *Id*. "We may also consult standard or legal dictionaries in determining the fair, objective meaning of undefined statutory terms, and legal dictionaries to determine the meaning of undefined legal terms." *Id*.

Moreover, "a reviewing court is to construe a statute according to its plain language unless the language is ambiguous, or the interpretation would lead to absurd results that the Legislature could not have intended." *Mason v. State*, 663 S.W.3d 621, 629 (Tex. Crim. App. 2022). "To do so, the reviewing court focuses on the literal text of the statutory language in question, reading it in context and construing it 'according to the rules of grammar and common usage.'" *Id*. (quoting Tex. Gov't Code § 311.011(a)). "Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute." *Coit v. State*, 808 S.W.2d 473, 475 (Tex. Crim. App. 1991).

## GOVERNING LAW

"The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *State v. Robinson*, 498 S.W.3d 914, 917

7

(Tex. Crim. App. 2016) (citing *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)); *see* Tex. Const. art. V, § 26 ("The State is entitled to appeal in criminal cases, as authorized by general law."). "The State's authority to appeal in criminal cases is granted by Article 44.01 of the Texas Code of Criminal Procedure." *State v. Cowsert*, 207 S.W.3d 347, 350 (Tex. Crim. App. 2006); *see also* Tex. R. App. P. 25.2(a)(1) ("The State is entitled to appeal a court's order in a criminal case as provided by Code of Criminal Procedure article 44.01."). "The purpose of the statute is to permit the pretrial appeal of erroneous legal rulings which eviscerate the State's ability to prove its case." *State v. Medrano*, 67 S.W.3d 892, 895-96 (Tex. Crim. App. 2002). As relevant here, Article 44.01 provides that "[t]he state is entitled to appeal an order of a court in a criminal case if the order . . . grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case."[2] Tex. Code Crim. Proc. art. 44.01(a)(5).

In *State v. Medrano*, the Court of Criminal Appeals addressed the scope of Article 44.01(a)(5). *See* 67 S.W.3d at 898-903. In that case, the defendant had filed a "Motion to Suppress In-Court Identification," which the trial court granted. *Id.* at 895. The intermediate court of appeals dismissed the State's appeal for want of jurisdiction, concluding that the trial court had excluded the evidence for violating the Rules of Evidence rather than the Constitution. *Id.* Consequently, the intermediate court held that the evidence had not been "suppressed" as

---

[2] In the State's notice of appeal, the prosecuting attorney "certifie[d] to the trial court that jeopardy has not attached, that this appeal is not taken for the purposes of delay and that the evidence is of substantial importance in this case." Thus, the latter requirements of Article 44.01(a)(5) are not at issue. *See State v. Redus*, 445 S.W.3d 151, 154 (Tex. Crim. App. 2014).

8

"contemplated by Texas Code of Criminal Procedure, Article 44.01(a)(5) and the case law interpreting it." *Id.* Specifically, the intermediate court relied upon *State v. Roberts*, in which the Court of Criminal Appeals had held that "the phrase 'motion to suppress evidence' as used in art. 44.01(a)(5) is limited to motions which seek to suppress evidence on the basis that such evidence was illegally obtained." 940 S.W.2d 655, 660 (Tex. Crim. App. 1996).

On discretionary review, the Court of Criminal Appeals overruled *Roberts* and rejected the intermediate court's limitation of "motions to suppress" to constitutional violations. The court held that "a motion to suppress evidence is one in which the defendant (or the State) claims that certain evidence should not be admitted at trial for a constitutional, statutory, evidentiary or procedural reason." *Medrano*, 67 S.W.3d at 901. "The rule is simple: If the trial court can rule upon a pretrial motion to suppress evidence, the State can appeal it." *Id*. The court added, "That is, as long as the State fulfills the other requirements of art. 44.01(a)(5)." *Id*. at 901 n.21. Thus, the court held that "article 44.01(a)(5) is not limited solely to pretrial rulings that suppress 'illegally obtained' evidence." *Id*. at 903. "The State may appeal an adverse ruling on *any* pretrial motion to suppress evidence as long as the other requirements of the statute are met." *Id*. Moreover, it does not matter whether the motion is labeled a "motion to suppress" evidence or a "motion to exclude" evidence; what matters is the effect of the ruling. *See id*. at 901; *see also State v. Young*, 810 S.W.2d 221, 223 (Tex. Crim. App. 1991) ("[T]he mere label attached either to the defendant's motion or to the trial court's order ruling on same cannot determine its appealability.").

However, the effect of the ruling, regardless of what the motion or ruling is called, must be the suppression of evidence. In *State v. Cowsert*, the State attempted to appeal the denial of its motion to "reconsider" the trial court's earlier decision to suppress evidence.

207 S.W.3d at 349. The Court of Criminal Appeals rejected the State's contention that Article 44.01(a)(5) applied "to all State challenges of 'questionable legal rulings excluding what may be legally admissible evidence," regardless of whether they are titled 'motion to suppress.'" *Id.* at 351. The court explained that "the State fail[ed] to note that the *Medrano* analysis began from the premise that a motion to suppress is the only type of motion that can be appealed" and that "[t]he plain language of Article 44.01(a)(5) clearly limits the State's right to appeal to orders granting motions to suppress evidence." *Id.*; *see also State v. Gault*, 695 S.W.3d 364, 371 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (explaining that "the relief provided by an appealable order granting a motion to suppress is the exclusion of evidence at trial" and that orders granting different types of relief "do not have the same effect as an order granting a motion to suppress"). Thus, if the effect of the trial court's ruling is something other than the suppression of evidence, the State may not appeal it under Article 44.01(a)(5). *See Cowsert*, 207 S.W.3d at 350-51; *Gault*, 695 S.W.3d at 371.

For example, the State may not appeal a trial court's ruling on a motion in limine, the purpose of which "is to prevent particular matters from coming before the jury." *Norman v. State*, 523 S.W.2d 669, 671 (Tex. Crim. App. 1975). A motion in limine is, "in practice, a method of raising objection to an area of inquiry prior to the matter reaching the ears of the jury through a posed question, jury argument, or other means." *Id.* "As such, it is wider in scope than the sustaining of an objection made after the objectionable matter has been expressed." *Id.*; *Thierry v. State*, 288 S.W.3d 80, 86 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

"A ruling on a motion in limine does not purport to be one on the merits but one regarding the administration of the trial." *Harnett v. State*, 38 S.W.3d 650, 655 (Tex. App.—Austin 2000, pet. ref'd). Thus, "[a] motion in limine is not a ruling that excludes evidence;

10

rather, it merely requires the parties to approach the trial court for a definitive ruling before attempting to put on evidence within the scope of the motion in limine order." *Thierry*, 288 S.W.3d at 86-87 (citing *Bobo v. State*, 757 S.W.2d 58, 61 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd)). "A trial judge's grant or denial of a motion in limine is a preliminary ruling only and normally preserves nothing for appellate review." *Geuder v. State*, 115 S.W.3d 11, 14-15 (Tex. Crim. App. 2003). In contrast, a motion to suppress seeks "a definitive final ruling on a timely and specific motion to exclude evidence." *Id.*; *see Dority v. State*, 631 S.W.3d 779, 789 (Tex. App.—Eastland 2021, no pet.).

In addition to being "a definitive final ruling," the trial court's suppression ruling must also be memorialized in a written order. Article 44.01(d) provides, "The prosecuting attorney may not make an appeal . . . later than the 20th day after the date on which the order, ruling, or sentence to be appealed is *entered by the court*." Tex. Code Crim. Proc. art. 44.01(d) (emphasis added). The Court of Criminal Appeals has construed the phrase "entered by the court" to mean "the signing of an order by the trial judge." *State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex. Crim. App. 1991). The court reasoned that "[p]resumably when a judge signs an order or judgment, it is that person's present intent to authenticate the action taken." *Id*. Following *Rosenbaum*, the Court of Criminal Appeals held that when "there is no written order from which to appeal," the court of appeals "has no jurisdiction over the state's appeal." *State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012). The court explained its rationale for this rule as follows:

> The problem with oral rulings is that there may be, and often is, disagreement as to what was said and what the ruling was. . . . The legislature has chosen to permit appeals by the state of "an order" that meets the statutory requirements.

11

An oral ruling is not "an order" for the purposes of establishing the decision of the trial court, precisely because of the fallibility of human memory. Further, without "an order," we have no evidence of the required finality of a ruling; an oral ruling is subject to change after further discussion or presentation of contrary law or precedent. Only a writing suffices.

*Id*. at 258.

There is one other characteristic of a trial court's ruling on a motion to suppress that is important here. "In essence, a pretrial motion to suppress evidence is 'nothing more than a specialized objection to the admissibility of that evidence.'" *Black v. State*, 362 S.W.3d 626, 633 (Tex. Crim. App. 2012) (quoting *Galitz v. State*, 617 S.W.2d 949, 952 n.10 (Tex. Crim. App. 1981)). "A pretrial ruling on such a motion is interlocutory in nature." *Id*. (citing *State v. Stevens*, 261 S.W.3d 787, 792 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *State v. Henry*, 25 S.W.3d 260, 262 (Tex. App.—San Antonio 2000, no pet.)). Accordingly, "it should be regarded as just as much the subject of reconsideration and revision as any other ruling on the admissibility of evidence . . . which a trial court may revisit at its discretion at any time during the course of a trial." *Id*. (citing Tex. R. Evid. 104).

## DISCUSSION

Abduljabbar argues that the State's appeal should be dismissed for want of jurisdiction because there is no order in the record granting a motion to suppress and that "[a]ny rulings from the court were preliminary, in the nature of a ruling on a motion in limine, and subject to reconsideration throughout the trial." He further argues that "if there is any order" in the record, "it is an oral order" only, insufficient to confer jurisdiction on this Court under Article 44.01. Abduljabbar adds that the prohibition against appealing oral orders "applies with special

12

force when reading this record," which contains inconsistent statements by the trial court regarding the nature and finality of its oral ruling.

The State responds that "[t]he effect of the trial court's order in the case at bar was to find that the 911 call was not admissible in light of the confrontation clause and rules against hearsay" and that "[t]he inadmissibility of the evidence was the same as if Appellee had made a written motion to suppress rather than oral objections when the State offered to pre-admit the evidence." The State further argues that the trial court's "ability to reconsider" its suppression ruling "does not eviscerate the State's right to appeal."

Regarding the absence of a written order in the record, the State asks this Court to do what it has done in other cases, namely, treat the State's notice of appeal as prematurely filed, abate the appeal, and remand the case to the trial court for preparation of an appealable order. *See, e.g.*, *State v. Chody*, ___ S.W.3d ___, No. 03-24-00536-CR, 2024 WL 5252035, at *5 (Tex. App.—Austin Dec. 31, 2024, no pet. h.). Abduljabbar responds that "a remand to the trial court would be an exercise in futility" because "[t]he trial court has clearly indicated, on the record, that she has not issued an order or, made a final ruling, and that therefore there is no ruling to reduce to writing."

We agree with Abduljabbar. Assuming without deciding that the effect of the trial court's denial of the State's motion to preadmit the 911 call was the same as the effect of a ruling granting a motion to suppress the 911 call, the record clearly indicates that the trial court later withdrew that ruling. Following a break during jury selection, the trial court announced that it was going to "withhold" its ruling on the admissibility of the 911 call and that it was "going to allow the State to present their evidence for any rulings." Thus, by the time trial began, there was no longer a ruling for the State to appeal. Although we agree with the State that the trial

13

court's "ability" to reconsider its ruling should not "eviscerate the State's right to appeal," in this case, the trial court did in fact reconsider its ruling, and we cannot review a ruling that no longer exists.

Additionally, as Abduljabbar correctly observes, our jurisdiction under Article 44.01(a)(5) is limited to written orders suppressing evidence, and no such order exists in this case. And unlike other cases in which we have abated the appeal and remanded the case to the trial court for entry of a written order, we cannot do so here because the trial court has withdrawn its ruling on the admissibility of the 911 call and there would be no existing order for the trial court to enter on remand.

For these reasons, we lift our stay of the proceedings in the court below, dismiss the State's appeal for want of jurisdiction, and dismiss Abduljabbar's motion to dismiss as moot.

_____

Gisela D. Triana, Justice

Before Justices Triana, Theofanis, and Crump

Dismissed for Want of Jurisdiction

Filed: February 14, 2025

Do Not Publish