The STATE of Texas, Appellant

v.

Edward Norman **FURLEY**, Appellee.

No. 10–94–207–CR.

Court of Appeals of Texas,
Waco.

Dec. 21, 1994.

James M. Kuboviak, County Atty., Bryan, for appellant.

Kyle Hawthorne, Bruchez, Goss, Thornton, Meronoff, Michel & Hawthorne, P.C., Bryan, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## ON REHEARING

PER CURIAM.

■ Acting on a motion to dismiss for want of jurisdiction filed by Edmund Furley, we dismissed this cause, holding that the State's notice of appeal is defective. *See* TEX.CODE CRIM.PROC.ANN. art. 44.01 (Vernon Supp.1995); *State v. Muller,* 829 S.W.2d 805 (Tex.Crim.App.1992). We found the notice defective because the State failed to properly "certify" that the appeal was not taken for delay and that the suppressed evidence was of substantial importance to the State's case. *See* TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(5). In its motion for rehearing, the State argues that the notice was properly certified. Alternatively, the State asks that we clarify the requirements for its notice of appeal so that it does not fall into the same error in future cases. We will grant the State's motion and will now hold that the notice of appeal is not defective.

The State's notice of appeal states:

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the State of Texas in the above numbered and styled cause and would show the Court as follows:

I.

That on the 26th day of May, 1994, the defendant urged a MOTION TO SUP-

PRESS. Defendant's motion was granted suppressing evidence which is of substantial importance to the prosecution of this case. The State is appealing the court's granting of Defendant's motion by authority of Tex.Code Crim.Proc.Ann. art. 44.01(a)(5) (Vernon 1994). This appeal is not taken for the purpose of delay, but so that justice may be done.

## II.

The State hereby gives written notice of appeal pursuant to Tex.R.App.P. 40(b)(1).
Respectfully Submitted,
[County Attorney's Signature]

### CERTIFICATE OF SERVICE

I, the undersigned attorney of record for the State of Texas do hereby certify that on this [day], a copy of the forgoing Notice of Appeal was mailed to [Furley's attorney].
[County Attorney's Signature]

Article 44.01(a)(5) of the Code of Criminal Procedure provides:

> (a) The state is entitled to appeal an order of a court in a criminal case if the order:
>
> .    .    .    .    .
>
> (5) grants a motion to suppress evidence ... if jeopardy has not attached in the case and if the prosecuting attorney *certifies* to the trial court that the appeal is not taken for the purpose of delay and that the evidence ... is of substantial importance in the case.

*Id.* (emphasis added). Thus, the question is whether statements in the body of the notice of appeal satisfy the certification requirement of the Code of Criminal Procedure.

 "Clearly, the word 'certify' contemplates a writing executed by the prosecuting attorney." *Muller,* 829 S.W.2d at 809. Thus, the statute requires a written assertion that the appeal is not taken for delay and that the evidence is of substantial importance to the case. The statute does not dictate that a special form be utilized in making this assertion, only that the elected attorney sign a writing which vouches that the facts to be certified are true. Therefore, we hold that

statements in the body of the notice of appeal, asserting that the appeal is not taken for delay and that the evidence is of substantial importance, over the signature of the elected attorney are sufficient to satisfy the requirements of the statute.

Because the State filed a sufficient notice of appeal, we have jurisdiction over this cause. Thus, we grant the State's motion for rehearing and reinstate the appeal.