

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. PD-0067-14 & PD-0069-14

### THE STATE OF TEXAS

### v.

### DAVID COLT REDUS, Appellee

### and

### THE STATE OF TEXAS

### v.

### JOSE GUADALUPE ZERMENO, Appellee

### ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### LAMAR COUNTY

COCHRAN, J., delivered the opinion of the unanimous Court.

OPINION

In these two consolidated cases, the trial judge granted the defendants' motions to

suppress evidence. The State filed a notice of appeal in each case, but the court of appeals

dismissed the appeals, concluding that it did not have jurisdiction because the elected district attorney failed to timely file the statutorily required certification that the appeal was not taken for delay and that the evidence suppressed was of "substantial importance" to the case.[1] The State filed for discretionary review, asking whether the court of appeals's interpretation of the certification requirement was "hypertechnical" and contrary to statutory construction.[2] We conclude that it was neither. As we explained in *State v. Riewe*,[3] the district attorney's certification is necessary to confer jurisdiction on the court of appeals. We, therefore, affirm the judgments of the court of appeals in these cases.

I.

David Redus was charged with intoxication manslaughter; Jose Zermeno was charged with a third-time, felony DWI offense. In both cases, the trial judge declared that the provisions of Chapter 724 of the Texas Transportation Code mandating a nonconsensual

---

[1] *State v. Redus*, No. 06-13-00136-CR, 2013 WL 6210977, at *4 (Tex. App.–Texarkana Nov. 27, 2013); *State v. Zermeno*, 06-13-00135-CR, 2013 WL 6210975, at *4 (Tex. App.–Texarkana Nov. 27, 2013). Because the two appellate opinions are virtually identical (only the names and the wording of the indictments have been changed), we shall refer to the court of appeals's discussion in *Redus* throughout our opinion.

[2] The State's sole ground for review reads as follows:
The trial court declared the mandatory blood draw statute to be facially unconstitutional. The State timely filed its notice of appeal with a "certification" that quoted article 44.01(a)(5) of the Texas Code of Criminal Procedure. By dismissing the appeal for want of jurisdiction, was the appellate court's opinion a hypertechnical interpretation of the statute, and contrary to statutory construction?

[3] 13 S.W.3d 408, 409 (Tex. Crim. App. 2000) (concluding that (1) the lack of a timely certification in a State's notice of appeal deprived the court of appeals of jurisdiction, and (2) an amended, but untimely, certification did not retroactively confer jurisdiction).

blood draw were unconstitutional when the blood was drawn without a warrant.  Therefore,

he suppressed the blood-alcohol evidence obtained without consent or warrant.  In both

cases, the State timely filed a notice of appeal that stated,

> Pursuant to TRAP Rule 25.2(a)(1) and Tex. Code Crim. Proc. Art. 44.01(a) the
> State of Texas is permitted to appeal an order that . . . (5) "grants a motion to
> suppress evidence, a confession or an admission, if jeopardy has not attached
> in this case and if the prosecuting attorney certifies to the trial court that the
> appeal is not take[n] for the purpose of delay and that the evidence, confession,
> or admission is of substantial importance in the case.

The document was signed by the elected county and district attorney.

The court of appeals held that the above paragraph was not an "appropriate

certification" by the district attorney because "[a] recitation of the pertinent Code provision

does not amount to a certification, as required by Article 44.01(a)(5)."[4]

The State petitioned this Court to review the lower court's decision, arguing that it

was "contrary to statutory construction" because "(1) the opinion was a narrow and

hypertechnical interpretation or construction; (2) the opinion has lead to 'absurd

---

[4] *Redus*, 2013 WL 6210977, at *1.  The court of appeals rejected the State's argument that
the certification was made by the prosecutor's statement in the trial court: "Judge, for future
purposes, obviously we're going to appeal this–as are–It's going to be appealed across the State
either from the defendant or from the State. . . . Ultimately the Court of Criminal Appeals is going
to answer this question[.]" *Id.* n.1.  The court next rejected the State's argument that, even if the
notice of appeal failed to contain a certification, the ruling had the effect of dismissing part of the
indictment because nothing in either indictment was affected by the trial judge's ruling. *Id.* at *2.
The indictment did not mention a blood test or blood-alcohol level, so "the case can proceed to trial
on the present indictment." *Id.* at *3.  The court also rejected the State's argument that, because the
case involves the constitutionality of the mandatory blood-draw statutes, the court of appeals should
accept jurisdiction as a matter of equity. *Id.* at *3 & n.2.  Finally, the court relied on this Court's
decision in *Riewe* and rejected the State's argument that its untimely amended notice of appeal which
contained a certification conferred jurisdiction. *Id.* at *4.

consequences' and (3) the opinion added a 'statutory barrier' that was contrary to precedent

from the United States Supreme Court."[5]

## II.

It was not until 1987 that the State had any right to appeal an adverse legal ruling in

a Texas criminal case.[6]  By enacting Article 44.01 of the Code of Criminal Procedure, the

Texas Legislature recognized the need to balance the rights of the defendant to a fair and

speedy trial with the legitimate rights of the State and public to accurate legal rulings.[7]

One of the arguments that was made against granting the State a right to appeal

pretrial rulings was that "it would permit an interlocutory appeal for the government while

the defendant is only permitted to appeal from a final judgment."[8]  But the statute was drafted

so that, as a practical matter, the State would appeal pretrial suppression issues only when

the trial judge's ruling effectively put an end to the case or "when a point of law is deemed

so crucial and so likely to recur that an adverse ruling, while not wholly destructive to the

---

[5] State's Brief at 8.

[6] Cathleen C. Herasimchuk, *Criminal Justice and the State's Right to Appeal*, 51 TEX. B. J. 242, 242 (1988) (noting that, for more than 100 years, the Texas Constitution stated, "The State shall have no right of appeal in criminal cases"; observing that "[e]very state in the nation, except Texas, had crafted legislation to accommodate both a state's right to appeal erroneous legal rulings and a defendant's right to be free from multiple trials for the same offense.").

[7] *Id.*

[8] *Id.* at 244.

particular case, is devastating to the legal system or the concept of fair play."[9]    Before

enacting Article 44.01, the Legislature was informed,

> While it is possible that the State might file frivolous appeals solely for the
> purpose of harassment and oppression, the required certification by the District
> Attorney would mandate a careful appraisal of the likelihood of success and
> necessity for review before the appeals are undertaken.[10]

Thus, as enacted, Article 44.01(a)(5) provides that the State is entitled to appeal an

order in a criminal case if that order

> grants a motion to suppress evidence, a confession, or an admission, if
> jeopardy has not attached in the case and if the prosecuting attorney certifies
> to the trial court that the appeal is not taken for the purpose of delay and that
> the evidence, confession, or admission is of substantial importance in the
> case.[11]

Several requirements must be met before the State may take an interlocutory appeal: (1) the

trial judge's ruling is made pretrial before jeopardy has attached; (2) the elected prosecutor[12]

---

[9] *Id.*; *see State v. Medrano*, 67 S.W.3d 892, 899 (Tex. Crim. App. 2002) (comparing the Texas state's right to appeal statute to comparable statutes in other states and suggesting that the vast majority of provisions focus on whether the trial judge's ruling is "outcome determinative" in the sense that it effectively prevents the prosecution from presenting its complete case to a jury).

[10] Cathleen C. Herasimchuk, *Criminal Justice and the State's Right to Appeal*, 24 HOU. LAW. 22, 24 (Jan.-Feb. 1987). In *Medrano*, we explained, "This article, published before the 1987 Legislature met and enacted article 44.01, contained the 'proposed legislation,' along with an explanation of the proposed statutory terms, an historical analysis of the State's right to appeal in other jurisdictions, and arguments both for and against enacting a State's right to appeal in Texas." 67 S.W.3d at 897 n.9.

[11] TEX. CODE CRIM. PROC. art. 44.01(a)(5).

[12] Article 44.01(i) states that, "In this article, 'prosecuting attorney' means the county attorney, district attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing the case and does not include an assistant prosecuting attorney." TEX. CODE CRIM. PROC. art. 44.01(i). An assistant to the elected prosecutor may sign the

personally certifies to the trial court that (a) the appeal is not taken to delay the trial, and (b) the suppressed evidence is of "substantial importance" to the case. These requirements are to ensure that prosecutors do not appeal trial judges' rulings indiscriminately and clog up the appellate courts while leaving the defendant under the continuing cloud of criminal charges.[13]

The elected prosecutor puts his reputation and integrity, as well as his signature, on the line

---

certification only with the personal and express authorization of the elected official. *State v. Muller*, 829 S.W.2d 805, 808-09 (Tex. Crim. App. 1992) (article 44.01(a)(5) requires the elected "prosecuting attorney," not his assistant, to "make" state's notice of appeal, within the prescribed time period, either by physically signing the notice or by personally and expressly authorizing an assistant to file specific notice of appeal on his behalf).

[13] Herasimchuk, *supra* note 6, at 246 ("Frivolous [interlocutory] appeals are discouraged by the requirements of: immediate appeal, costs borne by the State, reasonable bail for the defendant, and the district attorney's certification of the 'substantial importance' of the evidence in Section (a)(5) appeals. The preferential docketing of state appeals will minimize delays.").

For a thorough historical discussion of the federal statute permitting interlocutory appeals by the government with proper certification, see *United States v. Carrillo-Bernal*, 58 F.3d 1490, 1492-97 (10th Cir. 1995). After examining the history of such appeals, the court concluded that,

> this somewhat extended historical excursion has illuminated the exceptional nature of governmental appeals in criminal cases– proceedings that have been curbed by the courts and carefully circumscribed by Congress out of a desire (among other reasons) to safeguard individuals from the special hazards inherent in prolonged litigation with the sovereign. As to suppression orders, those concerns have been translated into the express requirement that the prosecutor contemporaneously certify to the district court that the appeal is not taken for purposes of delay and that the evidence is critical. It required a great deal of time and effort by the United States Attorney General to extract from Congress any right to appeal such orders. Both *Hanks* and this case reflect this court's determination that we do not ask too much of government attorneys, in their exercise of that right, to slow down long enough to conduct their evaluations in a manner and at a time that are consistent with Section 3731's history and the important interests that the certification requirement was designed to protect.

*Id.* at 1497. The court, finding that the prosecuting attorney's explanation for failing to timely file a certification of its appeal was inadequate and suggesting that the government did not take the certification requirement seriously, dismissed the appeal. *Id.*

in filing notice of an interlocutory appeal.[14]

In analyzing Article 44.01(a)(5), we have explained that the elected prosecutor's personal certification is necessary to confer jurisdiction on the appellate court.[15] However, the defendant may not challenge the verity of the prosecutor's certification of the "substantial importance" of the evidence suppressed because the plain language of the statute neither

---

[14] *See United States v. Moskowitz*, 702 F.3d 731, 734 (2d Cir. 2012) ("Certification is not to be treated as no more than an 'administrative formality.' So, although we agree that 'since the Solicitor General must in any event approve federal government appeals, there is no significant danger that the appeal will be frivolous,' we nevertheless reiterate our expectation that the government will 'carefully analyze[ ] the case before deciding to appeal.' While we are confident that the U.S. Attorney will carry out her certification responsibilities in good faith, we note that our power to impose direct sanctions is a sufficient guarantor that the government will not overstep itself in this regard.") (citations omitted); *United States v. W.R. Grace*, 526 F.3d 499, 507 (9th Cir. 2008) (en banc) (abrogating former rule that U.S. Attorney was required to establish materiality of evidence when filing an interlocutory appeal because "[t]he certification itself is a representation by the United States Attorney, as an officer of the court, that the appeal is not for purposes of delay and that the suppressed evidence is indeed material . . . . Moreover, should we find the government's appeal to be patently frivolous or have reason to believe its certification is false, we could directly sanction such misconduct, surely a potent 'check' on prosecutorial abuse of the certification process."); *United States v. DeQuasie*, 373 F.3d 509, 515 (4th Cir. 2004) ("The certification requirement of § 3731 operates to ensure that before the United States interrupts a criminal proceeding (and thereby delays a defendant from obtaining resolution of the charges against him) by taking an interlocutory appeal, it has evaluated whether the appeal is warranted; the certificate itself operates as proof of the evaluation.") (citations omitted); *United States v. Smith*, 263 F.3d 571, 577 (6th Cir. 2001) ("Section 3731 requires the government to certify that the appeal is not taken for the purpose of delay, and that the evidence is a substantial proof of a fact material in the proceeding. The certification is intended to ensure a 'conscientious pre-appeal analysis by the responsible prosecuting official.' The purpose of the certification is clearly defeated when the government files its certification after initiating an appeal.") (citation omitted); *see also United States v. Jefferson*, 623 F.3d 227, 231-32 (5th Cir. 2010) (collecting cases that set out the "conscientious review" purpose of the certification requirement for government interlocutory appeals).

[15] *State v. Riewe*, 13 S.W.3d 408, 411 (Tex. Crim. App. 2000) ("The certification requirement is in Art. 44.01, and we have held that the failure to comply with Art. 44.01 is a substantive defect which deprives the court of appeals of jurisdiction. Therefore, we must conclude that the certification requirement is jurisdictional, and the State's notice of appeal in this case failed to confer jurisdiction on the court of appeals.").

requires nor permits it.[16]  The prosecutor's promise of importance is sufficient.

Further, the statute requires only a written and signed assertion of the two necessary facts–that the appeal is not taken for delay and that the evidence is of "substantial importance"; no special form is necessary and the required assertions of fact may be contained within the text of the notice of appeal.[17]  Usually the certification begins with the phrase, "I, John Doe, the District Attorney of XYZ County, certify that . . ." but other forms are equally acceptable as long as the elected prosecutor vouches for these two facts.[18]  It is a simple, but solemn, undertaking.

We have also held that substantive defects in the State's notice of appeal cannot be corrected by an untimely amendment.[19]  Any amendment must be made before the expiration of the original time to file notice of appeal, that is, within twenty days after entry of the trial

---

[16] *Johnson v. State*, 871 S.W.2d 744, 749 (Tex. Crim. App. 1994); *see also State v. Chupik*, 343 S.W.3d 144, 146 (Tex. Crim. App. 2011) (following federal cases and finding that "once the government certifies that the evidence is a substantial proof of a material fact, a reviewing court may not review 'the substantiality or the materiality' of the evidence" and the record need not reflect the content of the suppressed evidence before the appellate court will review the trial court's ruling).

[17] *State v. Furley*, 890 S.W.2d 538, 539 (Tex. App.–Waco 1994, no pet.) (op. on reh'g) (article 44.01(a)(5) "requires a written assertion that the appeal is not taken for delay and that the evidence is of substantial importance to the case. The statute does not dictate that a special form be utilized in making this assertion, only that the elected attorney sign a writing which vouches that the facts to be certified are true. Therefore, we hold that statements in the body of the notice of appeal, asserting that the appeal is not taken for delay and that the evidence is of substantial importance, over the signature of the elected attorney are sufficient to satisfy the requirements of the statute.").

[18] *Id.*

[19] *See State v. Muller,* 829 S.W.2d 805, 812 (Tex. Crim. App. 1992) (holding that it was error for the court of appeals to permit the State to amend its original notice of appeal to include a certification made by the elected District Attorney after the original filing period had elapsed).

judge's ruling.[20]  Because the prosecuting attorney's certification is jurisdictional, the State's appeal must be dismissed for want of jurisdiction if the proper certification is not filed within twenty days after the trial court enters its order suppressing evidence.[21]

With that general background, we turn to the present cases.

III.

In these two cases, the elected district attorney signed the notice of appeal, but he did not certify, or vouch for, the required facts that the appeal was not made for purposes of delay and that the evidence suppressed was of substantial importance to the case.  Instead, the notice of appeal simply quotes the pertinent statutory provision and contains the district attorney's signature at the bottom.

But a certification is defined as "the formal assertion of some fact."[22]  To certify something is "[t]o authenticate or vouch for a thing in writing.  To attest as being true or as represented."[23] A "certificate" by a public officer "is a statement written and signed, but not necessarily sworn to, which is by law made evidence of the truth of the facts stated for all or for certain purposes."[24] For example, an appellate brief must contain a certificate of service

---

[20] TEX. CODE CRIM. PROC. art. 44.01(d) ("The prosecuting attorney may not make an appeal under Subsection (a) or (b) of this article later than the 20th day after the date on which the order, ruling, or sentence to be appealed is entered by the court.").

[21] *State v. Riewe*, 13 S.W.3d 408, 411 (Tex. Crim. App. 2000).

[22] BLACK'S LAW DICTIONARY 206 (5th ed. 1979) (defining "certification").

[23] *Id.* at 207 (defining "certify").

[24] *Id.* at 205 (defining "certificate").

that states the person's compliance with certain facts of service and is signed by the person who makes the service.[25]  It is not good enough to simply quote the applicable appellate rule and then sign below that quotation.  The signer is, in effect, promising that he has performed certain acts–giving the date and manner of service, setting out the name and address of each person served, and the names of each person's attorney, if applicable.[26]

The certification of the State's appeal carries the same serious purpose.[27]  But here, the district attorney did not vouch for any fact.  He simply signed a document that quoted the statute.  That quotation was preceded by the statement that the State is "permitted" to appeal a suppression order.  Indeed it is, but only if it fulfills all of the necessary requirements, including certification. The State argues that, in quoting the statute, the district attorney "inferentially" vouched for the necessary facts.  If certifications are legally binding when they merely quote a statute and then that quotation is signed, then we could accept the State's argument.  We certainly agree with the State that "[a] person's right to appeal a civil or criminal judgment should not depend upon tracking through a trail of technicalities,"[28] but we are unable to find any case suggesting that the State's certification of a pretrial suppression motion is just a "technicality" or that quoting the statute satisfies the certification

---

[25] TEX. R. APP. P. 9.5(e).

[26] *Id.*

[27] *See supra* notes 13-14.

[28] State's Brief at 10-11 (quoting *Gonzales v. State*, 421 S.W.3d 674, 675 (Tex. Crim App. 2014)).

requirement. Although the government's certification of appeal in federal courts is not

jurisdictional, it serves the same purpose as it does in Texas courts:

> The certification requirement imposed by Section 3731 serves the very important purpose of ensuring that the prosecutor carefully analyzes the case before deciding to appeal. Certification to the district court forces the prosecutor to represent that she has, in fact, thoroughly and conscientiously considered the decision to appeal. By forcing the prosecutor to take these pre-appeal steps, Section 3731's certification requirement furthers the vital underlying goal of preventing needless delay and prolonged worry in criminal proceedings.[29]

Courts are not "hypertechnical" in requiring the elected prosecutor to actually vouch for the

facts that his interlocutory appeal is not being taken for purposes of delay and that the

evidence suppressed is of "substantial importance" to the case. Courts do not go behind the

certification to examine the importance of the suppressed evidence precisely because they

rely upon the elected prosecutor's certification that he has reviewed the legal merits of his

---

[29] *United States v. Salisbury*, 158 F.3d 1204, 1207 (11th Cir. 1998) (citations omitted). In *Salisbury*, the government filed its certification a month after it filed its notice of appeal, and gave as an excuse the fact that the assigned prosecutor was out of town. The circuit court, although noting that certification was not jurisdictional, dismissed the government's appeal because "[s]imple negligence . . . cannot excuse noncompliance with the express mandate of the statute." *Id.* The government also argued that "even though it failed to certify properly, the decision to appeal was based on a conscientious pre-appeal analysis. While the responsible prosecutors may have complied with the spirit of the statute, nothing in the record supports this position. We cannot accept such a naked assertion as sufficient." *Id.*; *see also In re J.W.*, 763 A.2d 1129, 1131-32 (D.C. 2000) ("We share the concern that the certificate requirement be carefully observed. The certificate, when filed, is conclusive and not subject to substantive review by the appellate court. Every effort should be made by the government to carefully follow the precise statutory requirements, including that the certification be made by the attorney 'conducting the prosecution' and that it be made 'to the judge who granted such motion.'") (citation omitted); *United States v. Carrillo-Bernal*, 58 F.3d 1490, 1492-93 (10th Cir. 1995) (stressing importance of the certification to show that government has carefully reviewed the merits of its legal position before filing notice of appeal; excoriating prosecutor for failing to take the certification seriously and instead treating it as a "mere formality").

appeal.

The State also contends that the certification requirement, as construed by the court of appeals, leads to "absurd consequences" because "the State was clearly contemplating a sufficient 'certification' by quoting or reciting the pertinent Code provision."[30] But quoting a statute does not vouch for compliance with its provisions.  And noting that the statute "permits" an appeal under certain circumstances, is not the same as vouching that the circumstances exist.

The State asks that we apply statutory construction in a way that does not conflict with the United States Supreme Court's interpretation of 18 U.S.C. § 3731.[31]  The simple answer to that suggestion is that we have done so.  The numerous federal cases cited above in notes 13, 14, and 29 all support our position that the certification is a solemn personal assertion of facts; we are unable to find any federal case holding that merely quoting Section 3731 is a sufficient certification for purposes of a government interlocutory appeal.

Finally, the State argues that the court of appeals added a "statutory barrier" to the State's appeal by following our prior decision in *Riewe,* which held that the certification requirement is jurisdictional.[32]  We decline to overrule either the reasoning or the result in

---

[30] State's Brief at 17.

[31] State's Brief at 18.

[32] *See Redus*, 2013 WL 6210977, at *3 ("The certification required by Article 44.01(a)(5) is necessary to confer jurisdiction over the appeal in the appellate court, *see State v. Riewe*, 13 S.W.3d 408, 411 (Tex. Crim. App. 2000).").

that case.[33]

We therefore affirm the judgment of the court of appeals dismissing these appeals for

want of jurisdiction.

Delivered: October 8, 2014
Publish

---

[33] *See Riewe*, 13 S.W.3d at 411 (explaining that, "[i]n [*State v. Muller*, 829 S.W.2d 805 (Tex. Crim. App. 1992)] we made clear that 'the State's noncompliance with the specific provisions of Art. 44.01 [is] a substantive failure to invoke the court of appeals' statutorily defined jurisdiction.' We concluded that Art. 44.01 'does more than merely prescribe a procedural guideline for filing the State's notice of appeal. Rather it limits the State's substantive authority to appeal.'").