ACCEPTED
08-15-00002-CR
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
1/30/2015 9:55:04 AM
DENISE PACHECO
CLERK

# IN THE COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

FILED IN
8th COURT OF APPEALS
EL PASO, TEXAS

1/30/2015 9:55:04 AM

DENISE PACHECO
Clerk

| | | |
|---|---|---|
| **THE STATE OF TEXAS**, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | No. 08-15-00002-CR |
| | § | |
| **DANIEL VILLEGAS**, | § | |
| | § | |
| Appellee. | § | |

## APPELLEE'S MOTION TO DISMISS APPEAL
## FOR WANT OF JURISDICTION

**TO THE HONORABLE COURT OF APPEALS:**

COMES NOW DANIEL VILLEGAS, Appellee, and moves the Court to dismiss this appeal for want of jurisdiction, and would show the following:

1. Daniel Villegas is charged with capital murder, after his 1995 conviction was vacated by the Texas Court of Criminal Appeals. *Ex parte Villegas*, No. WR-78,260-01 (Tex.Crim.App. Dec. 18, 2013). This is an attempted interlocutory appeal by the State from a trial court order excluding evidence. However, the Court's jurisdiction over such appeals is limited by statute, and exists only when the prosecuting attorney personally certifies that the evidence is of substantial importance in the case and the appeal is not taken for the purpose of delay. The Texas Court of

Criminal Appeals has made clear that this certification requirement is the personal obligation of the elected district attorney, and mere recitation of the statutory language is insufficient. Instead of a personal certification by the district attorney, however, the notice of appeal herein recites that "the State" so certifies. Because the notice of appeal does not contain a personal certification by the prosecuting attorney, this Court lacks jurisdiction.

2. The State appeals from a January 5, 2015 pretrial order excluding the State's evidence as irrelevant and inadmissible. [See Exhibit "A" hereto, the State's Notice of Appeal]. It attempts to appeal pursuant to Texas Code of Criminal Procedure article 44.01(a)(5), which permits an appeal from an order granting a motion to suppress evidence. [Ex. A, p. 1].

3. The State's right of appeal in criminal matters is defined and limited by statute. TEX.CODE CRIM.PRO. art. 44.01; *see* TEX.R.APP.P. 25.2(a)(1). Appeals by the government are "carefully circumscribed" in order to "safeguard individuals from the special hazards inherent in prolonged litigation with the sovereign." *State v. Redus*, 445 S.W.3d 151, 154 n. 13 (Tex.Crim.App. 2015).[1] In order to appeal, the

---

[1] This statement from *Redus* quotes authority describing federal government appeals. However, Article 44.01 is intended to afford the State the same appellate powers as the federal government. *State v. Moreno*, 807 S.W.2d 327, 332 (Tex.Crim.App. 1991). And the federal certification-of-appeal requirement serves the same purpose as the Texas requirement. *Redus*, 445 S.W.3d at 157.

State must strictly comply with Article 44.01. Noncompliance with that statute's specific provisions is "a substantive failure to invoke the court of appeals' statutorily defined jurisdiction." *State v. Riewe*, 13 S.W.3d 408, 411 (Tex.Crim.App. 2000), *quoting State v. Muller*, 829 S.W.2d 805, 812 (Tex.Crim.App. 1992).

4.      Article 44.01(a)(5) permits an appeal from an order granting a motion to suppress evidence "if ***the prosecuting attorney certifies*** to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case[.]" TEX.CODE CRIM.PRO. art. 44.01(a)(5) (emphasis added). The Rules of Appellate Procedure require compliance with Article 44.01, including this certification requirement, for a notice of appeal to be "sufficient." *Riewe*, 13 S.W.3d at 411; TEX.R.APP.P. 25.2(c)(2). The prosecuting attorney's certification is necessary to confer jurisdiction on the Court of Appeals. *Redus*, 445 S.W.3d at 152; *Riewe*, 13 S.W.3d at 409, 411. For this reason, any attempted appeal by the State must be dismissed for want of jurisdiction if the proper certification is not filed within 20 days after the trial court enters its order suppressing evidence. *Redus*, 445 S.W.3d at 156.

5.      The statutory certification requirement is no mere technicality; it carries serious purpose. *Redus*, 445 S.W.3d at 157. Article 44.01(a)(5) was drafted so that, as a practical matter, the State will appeal pretrial suppression orders only when the

3

trial judge's ruling effectively puts an end to the case, or when a point of law is deemed so crucial and so likely to recur that an adverse ruling is "devastating to the legal system or the concept of fair play." *Redus*, 445 S.W.3d at 154. The required certification by the district attorney is thus intended to mandate a conscientious pre-appeal analysis and a careful appraisal of the likelihood of success and necessity for review before an appeal is undertaken. *Id*. at 154, 155 n. 14. It is also intended to ensure that prosecutors do not appeal trial judges' rulings indiscriminately and clog up appellate courts while leaving the defendant under the continuing cloud of criminal charges. *Id.* at 154.

6. Significantly, the requirement of certification is personal to the elected prosecuting attorney. The "prosecuting attorney" is defined to mean the district or county attorney with primary responsibility for prosecuting cases in the court, and does not include an assistant prosecuting attorney. TEX.CODE CRIM.PRO. art. 44.01(i). The statute is not satisfied by certification by an assistant prosecuting attorney. *Redus*, 445 S.W.3d at 154, n. 12; *Muller*, 829 S.W.2d at 808-09. The failure of the elected prosecuting attorney to make the certification is a jurisdictional defect. *Riewe*, 13 S.W.3d at 410; *Muller*, 829 S.W.2d at 811-12.

7. Therefore, an appeal is permitted only if "the elected prosecutor *personally* certifies" to the statutory requirements. *Redus*, 445 S.W.3d at 154

4

(emphasis added). The certification is itself a representation, by an officer of the court, that the appeal is not for delay and the suppressed evidence is material. *Id.* at 155 n. 14.[2] "The elected prosecutor puts his reputation and integrity, as well as his signature, on the line in filing notice of an interlocutory appeal." *Id.* at 154-55.

8. Accordingly, "the elected prosecutor's **personal** certification is necessary to confer jurisdiction on the appellate court." *Redus*, 154 S.W.3d at 155 n. 15 (emphasis added). Mere recitation of the statutory language is insufficient. *Id*. And any inference that might be drawn from the district attorney's signature on a notice of appeal reciting the statutory language is also insufficient to satisfy the statutory requirement. *Id.* at 157.

9. In *Redus*, the Court of Criminal Appeals ruled that the Court of Appeals lacked jurisdiction when the notice of appeal quoted the statutory language, and was actually signed by the elected district attorney; but he did not explicitly certify, or vouch for, the required facts. *Redus*, 445 S.W.3d at 153, 156-57. The Court affirmed the Court of Appeals' holding that "a recitation of the pertinent Code provision does not amount to a certification, as required by Article 44.01(a)(5)." *Id*. at 153.

10. The Court in *Redus* rejected the State's argument that its interpretation of Article 44.01(a)(5)'s personal certification requirement is hypertechnical. *Id.* at

---

[2] Citing federal authority; *see* footnote 1, *supra*.

158. The statutory requirement is not a mere "technicality." *Id.* at 157. It ensures that the prosecutor carefully analyzes the case before deciding to appeal. *Id.* "Courts are not 'hypertechnical' in requiring the elected prosecutor to actually vouch for the facts that his interlocutory appeal is not being taken for purposes of delay and that the evidence suppressed is of 'substantial importance' to the case." *Id.* at 158.

11. As explained in *Redus*, the certification will normally take the form "I, John Doe, the District Attorney of XYZ County, certify that ... ." *Redus*, 445 S.W.3d at 156. No special form is required, "as long as the elected prosecutor vouches for these two facts." *Id.*

12. The State's Notice of Appeal in this case does not contain a personal certification by the prosecuting attorney. It does not certify that the elected prosecutor personally vouches for the facts he is required by Article 44.01 to certify. Instead, it recites that "***The State certifies*** that jeopardy has not attached in this case, the appeal is not taken for the purpose of delay, and the evidence is of substantial importance in the case." [Ex. A, p. 2, emphasis added]. The literal text of Article 44.01 is clear, and it is construed in accordance with its plain meaning. *Muller*, 829 S.W.2d at 808. A certification by "the State," rather than a personal certification by the prosecuting attorney, does not satisfy the plain language of Article 44.01(a)(5).

13. The Court should follow *Redus*.[3] The notice of appeal in this case contains a recitation that "the State" certifies to the statutory requirements, but does not include a personal certification from the elected district attorney. In the absence of such a personal certification, personally vouching for the facts required to be personally certified by statute, the notice of appeal is not sufficient to confer jurisdiction on this Court. The appeal should be dismissed for want of jurisdiction.

WHEREFORE, PREMISES CONSIDERED, Appellee prays that the Court dismiss the appeal for want of jurisdiction, and for such other relief to which he may be justly entitled.

Respectfully submitted,

*/s/ Joe A. Spencer, Jr.*
Joe A. Spencer, Jr.
Law Office of Joe Aureliano Spencer, Jr.
Texas Bar No.18921800
1009 Montana Ave.
El Paso, TX 79902
Tel. (915) 532-5562
Fax (915) 532-7535
joe@joespencerlaw.com

---

[3] Other Courts have been forced to dismiss appeals since the Court of Criminal Appeals clarified the certification requirement in *Redus*. *State v. Chapa*, 2014 WL 5573430 at *1 (Tex.App.–Houston [1st Dist.] 2014, no pet.) (memo. op.); *State v. Rodriguez*, 2014 WL 5309661 at *1 (Tex.App.–Houston [14th Dist.] 2014, no pet.) (memo. op.); *State v. Moore*, 2014 WL 5309874 at *1 (Tex.App.–Houston [14th Dist.] 2014, no pet.) (memo. op.). Appellee believes that this is the first appeal taken by the El Paso County District Attorney under Article 44.01(a)(5) since *Redus*.

*/s/ John P. Mobbs*
John P. Mobbs
Attorney at Law
Texas Bar No. 00784618
7170 Westwind Dr., ste. 201
El Paso, Texas 79912
Tel. 915-541-8810
Fax 915-541-8830
Email johnmobbs@gmail.com


Luis Gutierrez
Attorney at Law
Texas Bar No. 00792139
521 Texas Ave.
El Paso, Texas 79901
Tel. (915) 577-0915
Fax (915) 577-0790

ATTORNEYS FOR DANIEL VILLEGAS

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that this pleading was served on **Jaime Esparza**, El Paso District Attorney, Attn: **Lily Stroud**, Assistant District Attorney, 500 E. San Antonio, rm. 201, El Paso, TX, 79901 (lstroud@epcounty.com), Attorney for Appellant, on January 30, 2015, by electronic service.


*/s/ John P. Mobbs*
John P. Mobbs

ACCEPTED
08-15-00002-CR
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
1/5/2015 3:46:00 PM
DENISE PACHECO
CLERK

**CAUSE NO. 940D09328**

FILED

2015 JAN -5 PM 4: 27

|  |  |  |
|---|---|---|
| **THE STATE OF TEXAS** | § § § § | |
| **V.** | § § | **IN THE 409ᵗʰ DISTRICT COURT** |
| **DANIEL VILLEGAS** | § § | **EL PASO COUNTY, TEXAS** |

## STATE'S NOTICE OF APPEAL

COMES NOW, the State of Texas, in the above styled and numbered cause, by and through the District Attorney of the 34ᵗʰ Judicial District, and files this Notice of Appeal, pursuant to Rule 25.2 of the Texas Rules of Appellate Procedure, as follows:

### I.

The State of Texas hereby gives written notice of appeal to the Court of Appeals for the Eighth District of Texas at El Paso, from the pretrial order, signed on January 5, 2015, excluding the State's evidence as irrelevant and inadmissible, specifically, audio recordings of the defendant's jail and prison telephone conversations, which contain incriminating evidence. The State is entitled to appeal from the order of the trial court. *See* TEX. CRIM. PROC. CODE art. 44.01(a)(5) (article setting out the State's entitlement to appeal an order granting a motion to suppress evidence); *see also State v. Medrano*, 67 S.W.3d 892, 903

**EXHIBIT "A"**

(Tex.Crim.App. 2002) (holding that the State may appeal an adverse pretrial ruling that seeks to exclude evidence as inadmissible rather than to suppress evidence as illegally obtained). The State certifies that jeopardy has not attached in this case, the appeal is not taken for the purpose of delay, and the evidence is of substantial importance in the case.

Respectfully submitted,

_Jaime Esparza_

JAIME ESPARZA
District Attorney, 34th Judicial District
201 El Paso County Courthouse
500 E. San Antonio
El Paso, Texas 79901
(915) 546-2059
JEsparza@epcounty.com
SBN 06666450
ATTORNEY FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing notice of appeal was mailed by regular mail, and an electronic copy was emailed, on January 5, 2014, to the defendant's attorney: Joe A. Spencer, Jr., Law Office of Joe Aureliano Spencer, Jr., 1009 Montana Ave., El Paso, Texas 79902; by email: joe@joespencerlaw.com.

_Jaime Esparza_

JAIME ESPARZA

3