

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-15-00002-CR |
| Appellant, | § | Appeal from the |
| v. | § | 409th District Court |
| DANIEL VILLEGAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 940D09328) |
| | § | |

## OPINION ON MOTION

The State of Texas is appealing a pretrial order excluding evidence in a capital murder prosecution. *See* TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(5)(West Supp. 2014). Pending before the Court is a motion filed by Appellee, Daniel Villegas, to dismiss the appeal for want of jurisdiction on the ground that the prosecuting attorney failed to satisfy Article 44.01(a)(5)'s certification requirement. The motion to dismiss is denied.

Article 44.01(a)(5) provides that the State is entitled to appeal an order of a court in a criminal case if the order:

> (5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and *if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case....*

TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(5)(emphasis added).

The State is permitted to appeal an adverse ruling on any pretrial motion to suppress evidence as long as the other requirements of the statute have been met. *State v. Medrano*, 67 S.W.3d 892, 903 (Tex.Crim.App. 2002). An appeal under Article 44.01 must be made by the prosecuting attorney. TEX.CODE CRIM.PROC.ANN. art. 44.01(d). Article 44.01 defines "prosecuting attorney" to mean "the county attorney, district attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing the case and does not include an assistant prosecuting attorney." TEX.CODE CRIM.PROC.ANN. art. 44.01(i). It is undisputed that the "prosecuting attorney" in this case is Jaime Esparza, the elected District Attorney for the 34th Judicial District.

The prosecuting attorney's certification required by Article 44.01(a)(5) is jurisdictional. *State v. Redus*, 445 S.W.3d 151 (Tex.Crim.App. 2014); *State v. Riewe*, 13 S.W.3d 408, 411 (Tex.Crim.App. 2000). The certification is a representation by an officer of the court that the appeal is not for delay and the suppressed evidence is material. *Redus*, 445 S.W.3d at 155 n.14. "The elected prosecutor puts his reputation and integrity, as well as his signature, on the line in filing notice of an interlocutory appeal." *Id.* at 154-55. Article 44.01(a)(5) requires only a written and signed assertion of the two necessary facts—that the appeal is not taken for delay and that the evidence is of substantial importance. *Id.* at 156. No special form is necessary and the required assertions of fact may be contained within the text of the notice of appeal. *Id.* A typical certification begins with the phrase, "I, John Doe, the District Attorney of XYZ County, certify that ..." but the Court of Criminal Appeals held in *Redus* that other forms are equally acceptable as long as the elected prosecutor vouches for the two necessary facts. *Id.*

Citing *Redus*, Villegas asserts that we lack jurisdiction of the appeal because the District

Attorney did not personally certify that the appeal is not taken for the purpose of delay and that the excluded evidence is of substantial importance in the case. In *Redus*, the State's notice of appeal, which was signed by the elected county and district attorney, included the following recitation:

> Pursuant to TRAP Rule 25.2(a)(1) and Tex. Code Crim. Proc. Art. 44.01(a) the State of Texas is permitted to appeal an order that ... (5) grants a motion to suppress evidence, a confession or an admission, if jeopardy has not attached in this case and if the prosecuting attorney certifies to the trial court that the appeal is not take[n] for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case.

*Redus*, 445 S.W.3d at 153.

The quoted language merely recites the provision which permits the State to appeal and the prosecuting attorney, by placing his signature on the notice of appeal, did not certify, or vouch for, the required facts that the appeal was not made for purposes of delay and that the evidence suppressed was of substantial importance to the case. *Redus*, 445 S.W.3d at 156-57. Consequently, the Court of Criminal Appeals affirmed the court of appeals' judgment dismissing the appeal for want of jurisdiction. *Id.* at 158.

The notice of appeal signed by the District Attorney and filed in the instant case contains the following recitation:

> The State of Texas hereby gives written notice of appeal to the Court of Appeals for the Eighth District of Texas at El Paso, from the pretrial order, signed on January 5, 2015, excluding the State's evidence as irrelevant and inadmissible, specifically, audio recordings of the defendant's jail and prison telephone conversations, which contain incriminating evidence. The State is entitled to appeal from the order of the trial court. *See* TEX. CRIM. PROC. CODE art. 44.01(a)(5) (article setting out the State's entitlement to appeal an order granting a motion to suppress evidence); *see also State v. Medrano*, 67 S.W.3d 892, 903 (Tex.Crim.App. 2002) (holding that the State may appeal an adverse pretrial ruling that seeks to exclude evidence as inadmissible rather than to suppress evidence as illegally obtained). *The State certifies that jeopardy has not attached in this case, the appeal is not taken for the purpose of delay, and the evidence is of substantial importance in the case.* (Emphasis added).

Villegas contends that the prosecuting attorney failed to personally certify the necessary facts because the sentence states only that "The State certifies...." We disagree. District Attorney Esparza is the representative of the State in this felony prosecution. *See* TEX.CODE CRIM.PROC.ANN. art. 2.01 (West 2005)("Each district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom, except in cases where he has been, before his election, employed adversely."); TEX.GOV'T CODE ANN. § 43.120 (West Supp. 2014)(establishing the 34th Judicial District and providing that the district attorney represents the state in all criminal cases before every district court having jurisdiction in El Paso County). By signing the notice of appeal as the representative of the State, Esparza personally certified that the appeal from the trial court's order excluding the described evidence is not taken for the purpose of delay and the evidence is of substantial importance in the case. This constitutes a written and signed assertion of these two necessary facts as required by Article 44.01(a)(5) and *Redus*. Accordingly, we conclude that the certification is sufficient to confer jurisdiction on the Court to hear the appeal. The motion to dismiss is denied.


STEVEN L. HUGHES, Justice

February 25, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Publish)

- 4 -