Opinion filed July 21, 2016



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00202-CR

_____

## THE STATE OF TEXAS, Appellant

## V.

## HARDIK YAGNESH VYAS, Appellee

**On Appeal from the County Court at Law No. 2
Taylor County, Texas
Trial Court Cause No. 2-87-15**

## MEMORANDUM OPINION

Abilene police officers received a tip from an unknown person indicating that a man had caused a disturbance at a hotel and was trying to leave in a black four-door car. An officer subsequently detained Appellee, Hardik Yagnesh Vyas, while he sat in his car in the hotel parking lot. The investigating officer determined that Appellee was intoxicated and arrested him for driving while intoxicated. Appellee filed a motion to suppress and asserted that the police did not have reasonable

suspicion of criminal conduct to justify his detention. The trial court agreed and granted Appellee's motion to suppress. In one issue, the State asserts that the trial court erred in finding that the police did not have a reasonable suspicion to justify an investigative detention. We dismiss for want of jurisdiction.

The State has limited rights of appeal in criminal cases. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01 (West Supp. 2015). The State is entitled to appeal an order of a court that grants a motion to suppress evidence in a criminal case if jeopardy has not attached and if the elected prosecutor certifies to the trial court that the appeal is not taken for the purpose of delay and that the suppressed evidence is of substantial importance to the case. *Id.* art. 44.01(a)(5). The elected criminal district attorney for Taylor County personally signed the notice of appeal filed in this case. He certified in the notice of appeal that the appeal was not taken for the purpose of delay. However, the notice of appeal did not contain the statutory requirement "that the evidence, confession, or admission is of substantial importance in the case."

Article 44.01(a)(5) sets out "two necessary facts—that the appeal is not taken for delay and that the evidence is of 'substantial importance'"—that the elected prosecutor must personally certify. *State v. Redus*, 445 S.W.3d 151, 156 (Tex. Crim. App. 2014). The elected prosecutor's personal certification of these facts is necessary to confer jurisdiction on the appellate court. *Id.* at 155–56 n.15 ("[T]he failure to comply with Art. 44.01 is a substantive defect which deprives the court of appeals of jurisdiction." (quoting *State v. Riewe*, 13 S.W.3d 408, 411 (Tex. Crim. App. 2000))). "Because the prosecuting attorney's certification is jurisdictional, the State's appeal must be dismissed for want of jurisdiction if the proper certification is not filed within twenty days after the trial court enters its order suppressing evidence." *Id.* at 156.

The notice of appeal filed in this case does not contain the elected prosecutor's personal certification that the suppressed evidence, confession, or admission is of substantial importance in the case. This certification was necessary to confer jurisdiction on this court. Accordingly, we dismiss for want of jurisdiction.

PER CURIAM

July 21, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J