

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00107-CR

_____

THE STATE OF TEXAS, Appellant

V.

ANDREW ROBERT VANNOORD, Appellee

On Appeal from the County Court at Law
Fannin County, Texas
Trial Court No. 49012

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

The State of Texas attempts to appeal from the trial court's order granting Andrew Robert Vannoord's motion to suppress evidence. Vannoord has filed a motion to dismiss the State's appeal for want of jurisdiction. Finding we have no jurisdiction over the instant appeal, we dismiss the appeal.

Under Rule 25.2(a)(1) of the Texas Rules of Appellate Procedure, the "State is entitled to appeal a court's order in a criminal case as provided by Code of Criminal Procedure 44.01." TEX. R. APP. P. 25.2(a)(1). Rule 25.2(b) establishes that an "appeal is perfected by timely filing a *sufficient* notice of appeal." TEX. R. APP. P. 25.2(b) (emphasis added). "Notice is *sufficient* if it shows the party's desire to appeal from the judgment or other appealable order, and, if the State is the appellant, the notice complies with Code of Criminal Procedure article 44.01." TEX. R. APP. P. 25.2(c)(2) (emphasis added). Under Article 44.01 of the Texas Code of Criminal Procedure, the State

> is entitled to appeal an order of a court in a criminal case if the order . . . grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case.

TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West Supp. 2016).

Although the State's notice of appeal was timely filed, it failed to include the full certification required by Article 44.01(a)(5). The notice states, in pertinent part, "The undersigned prosecuting attorney certifies that . . . [j]eopardy has not attached in the case; and . . . [t]he appeal is not taken for the purposes of delay." Nowhere in the notice does the district attorney certify

"that the evidence, confession, or admission is of substantial importance in the case." *Id.* As the Court of Criminal Appeals recently stated in a case that originated from this Court, "In analyzing Article 44.01(a)(5), we have explained that the elected prosecutor's personal certification is necessary in order to confer jurisdiction on the appellate court." *State v. Redus*, 445 S.W.3d 151, 155–56 (Tex. Crim. App. 2014) (citing *State v. Riewe*, 13 S.W.3d 408, 411 (Tex. Crim. App. 2000) ("The certification requirement is in Art. 44.01, and we have held that the failure to comply with Art. 44.01 is a substantive defect which deprives the court of appeals of jurisdiction. Therefore, we must conclude that the certification requirement is jurisdictional, and the State's notice of appeal in this case failed to confer jurisdiction on the court of appeals.")).

We informed the State of this potential defect in our jurisdiction and afforded her the opportunity to demonstrate how we had jurisdiction over the matter notwithstanding the noted defect. In response, the State did not contest that, as a result of the incomplete certification in the notice of appeal, the State failed to properly invoke this Court's jurisdiction. Rather, the State filed an amended notice of appeal in the district clerk's office and had the clerk file that notice with this Court in the form of a supplemental clerk's record. The amended notice contained both of the certifications required by Article 44.01. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5).

The Court of Criminal Appeals also spoke on this issue in *Redus*, stating:

> We have also held that substantive defects in the State's notice of appeal cannot be corrected by an untimely amendment. Any amendment must be made before the expiration of the original time to file notice of appeal, that is, within twenty days after entry of the trial judge's ruling. Because the prosecuting attorney's certification is jurisdictional, the State's appeal must be dismissed for want of jurisdiction if the proper certification is not filed within twenty days after the trial court enters its order suppressing evidence.

*Redus*, 445 S.W.3d at 156 (footnotes omitted) (citations omitted) (reaffirming holdings earlier articulated in *Riewe*, 13 S.W.3d 408). The trial court's order granting Vannoord's motion to suppress was entered on May 23, 2017, making the State's notice of appeal due on or before June 12, 2017. The State filed its amended notice of appeal in the trial court on July 17, 2017, well beyond the deadline for perfecting her appeal from the trial court's order.

Because the State's original notice of appeal did not confer jurisdiction on this Court and because the State was not allowed to amend a jurisdictional element of her notice after expiration of the filing deadline, the State failed to invoke this Court's jurisdiction, and we are left with no choice but to dismiss this appeal.

Accordingly, we dismiss this appeal for want of jurisdiction.


Bailey C. Moseley
Justice


Date Submitted:    July 31, 2017
Date Decided:     August 1, 2017

Do Not Publish

4